STATE OF NORTH CAROLINA v. RONALD SIMS McILWAIN

No. 7320SC278

(Filed 23 May 1973)

1. Criminal Law § 76— confession — waiver of counsel — specific finding — finding that defendant signed waiver of rights

The trial court did not err in the admission of defendant's confession without making a specific finding of fact that defendant waived his right to counsel where the court found that defendant "was properly warned of his constitutional rights as required by the Miranda decision," that defendant knowingly signed a waiver of rights before two witnesses, and that defendant freely, understandingly and voluntarily made the confession after having been fully advised of his legal and constitutional rights.

2. Criminal Law § 114— statement of contention as contained in confession — no expression of opinion

In a prosecution for breaking and entering and larceny, the trial court did not express an opinion on the evidence in charging on defendant's contention as contained in his confession that he acted only

as a watchman during perpetration of the crimes where the court immediately thereafter instructed the jury that defendant denied being at the scene of the crime and claimed that his confession was made under duress. G.S. 1-180.

**3. Burglary and Unlawful Breakings § 6— instructions on aiding and abetting — elements of the crime of breaking or entering — intent to commit larceny**

In a prosecution for felonious breaking or entering and larceny, the trial court did not err in failing to instruct the jury in its charge on aiding and abetting that the breaking or entering must have been with intent to commit larceny where the court correctly instructed the jury as to the elements of breaking or entering in other portions of the charge.

**4. Burglary and Unlawful Breakings § 6; Larceny § 8— instructions as to not guilty verdict for both crimes**

In this prosecution for felonious breaking or entering and larceny, the trial court did not err in instructing the jury that the two crimes were so interrelated that if the jury found defendant not guilty of breaking or entering it must also find him not guilty of larceny.

APPEAL by defendant from *Hobgood, Judge,* 16 October 1972 Session of Superior Court held in UNION County.

Defendant, Ronald Sims McIlwain, was charged in three bills of indictment, proper in form, with felonious breaking or entering and larceny from the home of H. C. Deal, felonious larceny from the Harris Teeter Super Markets, Inc., and felonious larceny from Eckerds Drug Store.

Defendant pleaded guilty to the indictments charging felonious larceny from the Harris Teeter Super Markets, Inc., and Eckerds Drug Store.

Upon defendant's plea of not guilty to the charges of felonious breaking or entering and larceny from the home of H. C. Deal, the State offered evidence tending to show the following:

On 12 July 1972, between the hours of 10:00 a.m. and 12:00 o'clock noon, the H. C. Deal residence in Union County was broken into and the following items were removed: a 6,000 BTU window air conditioner, three clocks, and a transistor radio. On 22 July 1972 Sheriff Frank Fowler of Union County, who was conducting an investigation of the housebreaking and larceny at the Deal residence, saw defendant in a room at the Sheriff's office. After advising defendant of his constitutional rights and procuring a written waiver thereof from defendant,

Sheriff Fowler began questioning defendant about the house-breaking at the H. C. Deal residence. Defendant signed a written statement admitting breaking and entering and larceny of goods from the Deal residence and accompanied officers to the Deal home. Sheriff Fowler testified: "He told us how they entered through the back door and that he was the driver of the car. That he pulled up and let them load in the carport."

Defendant testified and denied participation in the crime. Defendant stated:

"I signed the statement read by Sheriff Fowler. The statement is not true. I signed the statement because I was made promises of leniency, promises of a bond cut so I might be able to get out of jail. I was also promised to be taken to the hospital because I was real sick. I was withdrawing from heroin addiction."

Defendant was found guilty as charged and from judgments imposing consecutive active ten year prison sentences for the offenses of breaking or entering and larceny from the H. C. Deal residence and ten years each on the charges of felonious larceny from the Harris Teeter Super Markets, Inc., and Eckerds Drug Store, said sentences to run concurrently with the former sentences, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Howard P. Satisky for the State.*

*Joe P. McCollum, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant contends the trial court erred in admitting into evidence a written confession signed by defendant "[s]ince there was no finding of fact by the trial judge . . . that the defendant waived his right to counsel. . . ."

The trial court conducted a *voir dire* examination to determine the admissibility of the confession. Defendant's testimony on *voir dire* controverted testimony of Sheriff Fowler and Deputy Sheriff Coffey. Thereafter, the trial court made findings that defendant "was properly warned of his constitutional rights as required by the Miranda decision" and that "the defendant signed State's Exhibit 1, Entitled 'Waiver of Rights,' before witnesses, Rufus H. Coffey and John Mayberry; that the defend-

ant has testified by believable evidence that he signed the waiver; that he knew what he was signing at that time. . . ." The court further found as a fact that defendant freely, understandingly and voluntarily made the confession after having been fully advised of his legal and constitutional rights.

The conflicting testimony adduced at the *voir dire* presented a question of credibility of the witnesses which was for the determination of the trial judge. His findings of fact, supported by competent evidence, are conclusive on appeal. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971); *State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37 (1970).

[2] Defendant contends that the trial court commented on the evidence in violation of the mandate of G.S. 1-180, when the court, in charging the jury, restated defendant's contention (as contained in his confession) that during the perpetration of the housebreaking and larceny, defendant was the watchman and did not break into and remove goods from the Deal residence. Immediately thereafter, the court instructed the jury that defendant denied being at the scene of the crime and claimed that his confession was made under duress.

Considered contextually, the portion of the charge upon which this assignment of error is based is free from prejudicial error.

[3] Defendant contends the trial court erred in its charge by failing to instruct the jury "in its discussion of aiding and abetting that the breaking and entering must be with intent to commit larceny."

In various portions of the charge before and after the instruction upon which this assignment of error is based, the court correctly instructed the jury as to all of the essential elements of the offense of felonious breaking or entering. This assignment of error is overruled.

[4] Defendant contends the trial court erred in instructing the jury that the crimes of felonious breaking or entering and felonious larceny were so interrelated that if the jury found defendant not guilty of felonious breaking or entering it must also find him not guilty of felonious larceny.

We do not agree. The trial court correctly defined each element of the separate offenses charged in the bill of indictment

and correctly instructed the jury to return a verdict of not guilty of either offense if the State failed to prove beyond a reasonable doubt the essential elements of each offense.

Finally, defendant requests this court to review the record in the two cases in which defendant pleaded guilty to the indictments charging felonious larceny of goods from the Harris Teeter Super Markets, Inc., and Eckerds Drug Store.

The record affirmatively shows that defendant, represented by court-appointed counsel, freely, understandingly and voluntarily entered pleas of guilty to separate bills of indictment, proper in form, charging him with felonious larceny of goods valued in excess of $200.00, from the Harris Teeter Super Markets,. Inc., and Eckerds Drug Store. The prison sentences imposed are within the limits prescribed by statute for the offenses charged.

The result is: in the case charging defendant with breaking or entering and larceny, we find no error; in the cases charging felonious larceny, the judgments are affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.