STATE OF NORTH CAROLINA v. HENRY Z. RATCHFORD

No. 7327SC742

(Filed 9 January 1974)

1. Criminal Law § 75— confession — voluntariness only determined on voir dire

The issue before the court on *voir dire* is the voluntariness of defendant's statement as opposed to the truth of the contents of the statement; therefore, where evidence on *voir dire* included an admission by defendant that he was afforded *Miranda* warnings prior to making any statements and that the signature on a written waiver form was his, evidence supported the trial court's finding that the statement was voluntary.

2. Criminal Law §§ 76, 89— confession — uncorroborated evidence admissible

The trial court did not err in admitting into evidence an officer's uncorroborated testimony with respect to defendant's in-custody statements, since corroboration bears on credibility, and it is within the province of the jury to consider the lack thereof in resolving conflicts regarding the existence or content of defendant's statement.

APPEAL by defendant from *McLean, Special Judge,* 4 June 1973 Special Session of Superior Court held in CLEVELAND County.

Defendant was indicted for breaking and entering into Woods' Grocery, a sole proprietorship in Shelby, North Carolina, with intent to steal and for the felonious larceny of twenty-five Timex watches, one Polaroid Camera, money and soft drinks.

Clyde Q. Adams, a Shelby Police Officer, testified that on 14 November 1972 he found defendant under a bed in a private residence. Adams was executing an arrest warrant for defendant issued in conjunction with an offense not involved in the present case. While still at the house, Adams noticed defendant was wearing a yellow gold watch. After he and defendant arrived at the police station, the latter was no longer wearing the watch. Adams then located a gold watch on the floorboard in the front passenger compartment of the police cruiser in which defendant had ridden.

Ted Woods, owner of Woods' Grocery, subsequently identified the watch as being similar to those he had had in the past at the store. He was unable to say positively that his inventory on 10 November 1972 included the watch or one like it or that the watch was actually taken from his store.

After finding the watch, Adams asked defendant if it "wasn't the watch he was wearing the time I first observed him in the house. . . . " Defense counsel objected, and the court conducted a *voir dire* on the issue of the voluntariness of defendant's alleged response and any other statement he made. The court informed defense counsel, "You can examine the Officer." Adams stated that defendant was fully informed of his rights upon arrival at the police station and that a waiver thereof was read to defendant. According to Adams, defendant, after being given an opportunity to read the waiver, signed it and ultimately made a statement. Adams further indicated that he merely made notes with respect to the content of defendant's statement and did not keep a verbatim record of the conversation. Defense counsel examined these notes. In response to a question by the court, Adams described the substance of defendant's statement as follows:

> "He told me that he and three other men went to Ted Woods' Grocery Store, broke the back door, went inside on a couple different occasions that same night and took some watches and cameras and drinks out of the place, and he also told me where some of the watches were, which we recovered."

Defendant testified in his own behalf during the *voir dire*. He conceded that he was given *Miranda* warnings but denied making any statement admitting guilt regarding the crime. Defendant did admit, however, telling Adams that if one Whisnant said defendant "did it, then [Whisnant] did it too." Defendant, on cross-examination, acknowledged that the signature on the waiver was his.

The court found facts based on the evidence and concluded "that the defendant was fully advised of his constitutional rights and that thereafter he knowingly, willingly and understandingly waived his rights and freely and understandingly and voluntarily made a statement which the State purports to offer into evidence."

The officer was allowed to testify as to defendant's admissions and also testified that by acting on information supplied by defendant he was able to recover three other watches.

Defendant offered no evidence. The jury found defendant guilty of both breaking and entering with intent to steal and felonious larceny. For the first offense, defendant was sen-

tenced to eight to ten years, and for the second, he was sentenced to five to eight years, suspended for five years.

*Attorney General Robert Morgan by W. A. Raney, Jr., Associate Attorney, for the State.*

*Leslie A. Farfour, Jr., for defendant appellant.*

VAUGHN, Judge.

In closely related challenges, defendant contends that the trial court impermissibly cast upon defendant the burden of proving that his statement was involuntary and that therefore the evidence upon which the court based its finding of voluntariness was incompetent. The core of defendant's argument is that he was deprived of the opportunity to attack Adams's credibility through cross-examination. We find defendant's contentions without merit. Defendant's counsel was not restricted in his examination of the witness.

[1]  The issue before the court on *voir dire* is the voluntariness of defendant's statement as opposed to the truth of the contents of the statement. *See State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511. When the facts found by the trial court are supported by competent evidence, they are binding on the appellate court, although appellate courts may review the trial court's conclusions of law. *State v. Bishop, supra; State v. McIlwain,* 18 N.C. App. 230, 196 S.E. 2d 614. Although the State has the burden of proving voluntariness, *State v. Williams,* 276 N.C. 703, 174 S.E. 2d 503, nothing precludes it from benefiting from defendant's evidence as to voluntariness.

In the present case, although defendant denied making any inculpatory statement, he admitted that he was afforded *Miranda* warnings and that the signature on the written waiver form is his. These admissions are consistent with the State's evidence. The court's findings of fact are supported by competent evidence, and its conclusions of law appropriate. Whether defendant actually made the statement offered in evidence presents a jury question. *State v. Bishop, supra.*

[2]  Defendant also contends that his statement "should not have been allowed into evidence without some type of corroborative evidence to substantiate the Officer's testimony. . . . " Corroboration is not required. Because corroboration bears on credibility, it is within the province of the jury to consider the

lack thereof in resolving conflicts regarding the existence or content of defendant's statement. *See State v. Bishop, supra; State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833.

We find no prejudicial error in defendant's trial.

No error.

Judges MORRIS and PARKER concur.