STATE OF NORTH CAROLINA v. BOYD LEWIS WILLIAMS

No. 7721SC43

(Filed 6 July 1977)

**1. Criminal Law § 75.2— confession — conduct of investigating officer — voluntariness as question of law**

Whether conduct of investigating officers amounts to a threat or promise which will render a subsequent confession involuntary and incompetent is a question of law reviewable on appeal.

State v. Williams

2. **Criminal Law § 75.2— statement by investigating officer to defendant — subsequent confession involuntary**

Defendant's confession was not freely and voluntarily given and was thus incompetent as a matter of law where defendant confessed only after the investigating officer told defendant that he would tell the court, the judge and the jury that defendant was cooperative, and the effect of such statement was that defendant could gather hope of benefit by confessing.

APPEAL by defendant from *Kivett, Judge*. Judgment entered 27 October 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 June 1977.

Defendant was charged by indictments in proper form with breaking and entering, safecracking and larceny. He entered a plea of not guilty to each offense and was convicted by a jury of all charges. Judgment was imposed sentencing defendant to terms of 12 to 16 years on the safecracking charge and 10 years on the larceny and breaking and entering charges.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Acie L. Ward, for the State.*

*Rabil and Maxwell, by Jonathan V. Maxwell, for defendant appellant.*

MORRIS, Judge.

This appeal stems from the second trial of this defendant on these charges. The first trial resulted in a mistrial when the jury was unable to reach a verdict. At the previous trial, a voir dire was conducted to determine the admissibility of a confession allegedly made by defendant to R. A. Spillman, a detective with the Winston-Salem Police Department. Spillman testified that he was the investigating officer of the break-in, with which defendant was subsequently charged, of the Salvation Army Church. Spillman's first contact with defendant took place on 10 June 1976, the day after the break-in, at which time defendant told Spillman that he had observed four black males the previous day seated on the steps of the church. Defendant further informed Spillman that he did not know the four males but that one face looked familiar and that he would call Spillman if he discovered who the men were. On 26 July, Spillman spoke again with defendant, who had been placed under arrest

and was in custody on the present charges. Spillman advised defendant of his rights, and further told him " . . . that he appeared to be cooperative and when and if this went to court, that all I could say on his behalf was that he was cooperative at the time." Defendant then made an oral confession of all charges to Spillman. The confession was transcribed and read to defendant, who signed it.

On cross-examination, Spillman further testified that, before defendant made the alleged confession, Spillman told him that

" . . . all I could say on his behalf as far as to a judge or jury was that he was cooperative, which he was at that time. . . . I told him that that would be what I—only what I could testify to and that I would. . . . I advised him that I could tell the Court, the Judge and the jury, that in his behalf at the time of this interview that he was cooperative."

Following the voir dire, the trial court made findings of fact and concluded that defendant was fully advised of his constitutional rights; that after being so advised, defendant made a confession to the investigating detective; that the confession was made voluntarily, understandingly, knowingly and intelligently; that defendant made the confession without promise, inducement, threats, coercion or hope of reward " . . . with the exception that [the investigating officer] did state to the defendant that all he could tell the Court was that he was cooperative, the Court concluding that this statement on the part of the detective was not the motivating factor in the giving of the statement or confession by the defendant. . . . " The trial court then overruled defendant's motion to suppress the confession and permitted Spillman to read it before the jury.

At the second trial, the State again attempted to introduce the alleged confession into evidence. Counsel stipulated that the voir dire testimony heard at the previous trial be included in the transcript of the second trial. Based on the prior voir dire, Spillman was again permitted to relate the contents of defendant's statement to the jury.

In his first assignment of error, defendant contends that the trial court erred in admitting his alleged statement into evidence, on the grounds that the statement was not voluntary as a matter of law. We are constrained to agree.

[1]  As a general rule, the trial court's findings of fact which are supported by competent evidence are conclusive on appeal. *State v. Curry*, 288 N.C. 660, 220 S.E. 2d 545 (1975) ; *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. McIlwain*, 18 N.C. App. 230, 196 S.E. 2d 614, *cert. den.*, 283 N.C. 668, 197 S.E. 2d 877 (1973). However, the appellate courts are not so bound by the conclusions of law drawn from the facts. *State v. Bishop*, 272 N.C. 283, 158 S.E. 2d 511 (1968) ; *State v. Conyers*, 267 N.C. 618, 148 S.E. 2d 569 (1966). Therefore, whether the conduct of the investigating officers constituted such threats or promises as to render a subsequent confession involuntary is a question of law and is reviewable on appeal. *State v. Pruitt*, 286 N.C. 442, 212 S.E. 2d 92 (1975) ; *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968).

We find *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d 68 (1967), to be particularly analogous to the case *sub judice*. In *Fuqua*, the investigating officer told the defendant "[t]hat if he wanted to talk to me then I would be able to testify that he talked to me and was cooperative." Branch, J., speaking for the Court, stated:

> " . . . This statement by a person in authority was a promise which gave defendant a hope for lighter punishment. It was made by the officer before the defendant made his confession, and the officer's statement was one from which defendant could gather some hope of benefit by confessing. The total circumstances surrounding the defendant's confession impels the conclusion that there was aroused in him an 'emotion of hope' so as to render the confession involuntary." *Id.* at 228, 152 S.E. 2d at 72.

[2]  In the present case, we are unable to distinguish the remarks made from those made in *Fuqua* and therefore must conclude that Officer Spillman's statements likewise were such that defendant "could gather hope of benefit by confessing." Consequently, we hold that defendant's confession was not freely and voluntarily given, and it is thus incompetent as a matter of law. The trial court erred in admitting it, and defendant is entitled to a new trial.

In view of our decision, we do not reach defendant's other assignment of error.

New trial.

Judges PARKER and CLARK concur.