STATE OF NORTH CAROLINA v. JULIUS WILLIAMS, III

No. 8312SC632

(Filed 6 March 1984)

Criminal Law § 75.2— voluntariness of confession — officer's promise to talk with district attorney

An officer's statements that, if defendant gave a statement, the officer would "recommend to the District Attorney's Office that he had made a statement" and "would make a recommendation that he had cooperated and gave a statement" could not have aroused in defendant any reasonable hope of reward if he confessed and thus did not render his confession involuntary.

APPEAL by defendant from *Farmer, Judge.* Judgments entered 10 February 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 January 1984.

Defendant appeals from judgments of imprisonment entered upon his convictions on two counts of felonious breaking or entering, felonious larceny, and safecracking.

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

WHICHARD, Judge.

Defendant objected to introduction of evidence regarding a confession. The court treated the objection as a motion to suppress and, after hearing evidence on *voir dire,* summarily denied it. Defendant contends the confession "was induced by a promise which gave [him] hope for lighter punishment if he confessed," and that the court thus erred. We find no error.

Whether conduct of investigating officers constitutes such promises as to render a subsequent confession involuntary is a question of law and is reviewable on appeal. *State v. Pruitt*, 286 N.C. 442, 454, 212 S.E. 2d 92, 100 (1975); *State v. Fox*, 274 N.C. 277, 292, 163 S.E. 2d 492, 502-03 (1968). In determining whether a confession was voluntary, the court looks at the totality of the surrounding circumstances. *State v. Corley*, 310 N.C. 40, 47, 311 S.E. 2d 540, 544 (1984) (statement by officer to defendant that "things would be a lot easier on him if he went ahead and told the truth" held, under totality of circumstances, not to have induced confession); *see also State v. Jackson*, 308 N.C. 549, 581, 304 S.E. 2d 134, 154 (1983); *State v. Schneider*, 306 N.C. 351, 355, 293 S.E. 2d 157, 160 (1982).

The pertinent circumstances here follow. At the *voir dire* hearing, one officer testified: "I did not promise [defendant] anything. I told him I could not promise him anything. The only thing I told him, if he made any statements, the only thing we could do was recommend to the District Attorney's Office that he had made a statement." He further testified: "I told [defendant] I would make a recommendation that he had cooperated and gave a statement. That is all I could tell him." Defense counsel asked this officer: "So the only promises you made were you were going to talk to the District Attorney about him if he made a statement?" The officer responded in the affirmative.

The prosecuting attorney asked another officer, also on *voir dire,* if he had at any time promised defendant anything if defendant would give a statement. The officer responded in the negative. He also testified that defendant did not ask what the officer could do for him if he would give a statement, and that he did not threaten or coerce defendant in any way to get a statement from him.

Defense counsel asked this officer: "Did you tell [defendant] if he gave you a statement . . . you might be able to work something out for him in the District Attorney's Office later on?" He responded, "No, sir." He further testified: "We did not promise him anything and we did not threaten him in any way."

Defendant argues that his confession given under the foregoing circumstances was involuntary. He relies on the following cases: *State v. Pruitt*, 286 N.C. 442, 212 S.E. 2d 92 (1975); *State v.*

*Fuqua,* 269 N.C. 223, 152 S.E. 2d 68 (1967); and *State v. Williams,* 33 N.C. App. 624, 235 S.E. 2d 869 (1977).

In *Pruitt,* officers repeatedly told defendant "they knew . . . he had committed the crime and . . . his story had too many holes in it; that he was 'lying' and that they did not want to 'fool around.' " *Pruitt, supra,* 286 N.C. at 458, 212 S.E. 2d at 102. They also told him that they "considered [him] the type of person 'that such a thing would prey heavily upon' and that he would be 'relieved to get it off his chest.' " *Id.* The Court found that under these circumstances the defendant's confessions "were made under the influence of fear or hope, or both, growing out of the language and acts of those who held him in custody." *Id.* at 458, 212 S.E. 2d at 103.

In *Fuqua,* an officer told defendant that "if he wanted to talk to [the officer] then [the officer] would be able to testify that [defendant] talked to [him] and was cooperative." *Fuqua, supra,* 269 N.C. at 228, 152 S.E. 2d at 72. The Court held that "[t]he total circumstances . . . impel[led] the conclusion that there was aroused in [defendant] an 'emotion of hope' so as to render the confession involuntary." *Id.*

In *Williams,* an officer told defendant that

> . . . all I could say on his behalf as far as to a judge or jury was that he was cooperative, which he was at that time. . . . I told him that that would be what I—only what I could testify to and that I would. . . . I advised him that I could tell the Court, the Judge and the jury, that in his behalf at the time of this interview that he was cooperative.

*Williams, supra,* 33 N.C. App. at 626, 235 S.E. 2d at 870. The Court found the remarks analogous to those by the officer in *Fuqua, supra,* and held the confession involuntary. *Id.* at 627, 235 S.E. 2d at 871.

We find the above cases distinguishable from this one. The statements by the officers here, unlike those in *Pruitt,* in no way aroused fear, nor did they have the potential of those in *Pruitt* to arouse hope. In *Fuqua* and *Williams,* the officers promised to testify for the defendant in court. The officers here made no such promises. We thus do not consider those cases controlling.

We find the facts here more closely analogous to those in *State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982). An officer told defendant there "that the only promise we could make was that we would talk with the District Attorney if he made a statement which admitted his involvement." *Branch, supra,* 306 N.C. at 109, 291 S.E. 2d at 659. The Court stated that the officer "merely informed the defendant that the officers would talk with the District Attorney if the defendant made a statement admitting his involvement" and that "this statement . . . could not have aroused in the defendant . . . any reasonable hope of reward if he confessed." *Id.* The Court further stated that "any suspect of similar age and ability would expect that the substance of any statement he made would be conveyed to the District Attorney in the course of normal investigative and prosecutorial procedures." *Id.*

The words "recommend" and "recommendation" render the statements here more connotive of hope of reward than those in *Branch*. There was, however, no evidence of any specific promise or suggestion of reward. On the contrary, both officers expressly testified that they did not promise defendant anything.

Defense counsel asked the first officer if the only promise he made was that he was going to talk to the District Attorney if defendant made a statement. The officer responded in the affirmative. Counsel asked the second officer whether he told defendant that he might be able to work something out for him later if defendant gave a statement, and the officer responded in the negative.

We believe the statements here, like those in *Branch*, could not have aroused in the defendant any reasonable hope of reward if he confessed. He instead "would expect that the substance of any statement he made would be conveyed to the District Attorney in the course of normal investigative and prosecutorial procedures." *Branch, supra,* 306 N.C. at 109, 291 S.E. 2d at 659. We thus hold that, considering the totality of the surrounding circumstances, evidence of the confession was properly admitted.

We deem it appropriate, nevertheless, to reiterate Justice Mitchell's statement for the Supreme Court in *Branch*:

We caution the law enforcement officers of the State . . . that they should always be circumspect in any comment they make to a defendant, particularly in connection with any confession the defendant is to give or has given. The better practice would be for law enforcement officers not to engage in speculation of any form with regard to what will happen if the defendant confesses.

*Branch, supra,* 306 N.C. at 110, 291 S.E. 2d at 659-60. The better practice also would be for law enforcement officers to avoid entirely use of words such as "recommend" and "recommendation," which in some circumstances that we do not find present here could render a confession involuntary.

No error.

Judges WEBB and WELLS concur.