STATE OF NORTH CAROLINA v. TIMMY LANE WALTERS

No. COA06-917

(Filed 20 March 2007)

**Constitutional Law— right to self-representation—timely, clear and repeated assertion—denial erroneous**

The trial court erred by refusing to permit defendant to represent himself where defendant timely asserted his right to self-representation when his case was called and stated his dissatisfaction with appointed counsel; he reasserted his right to represent himself prior to trial and jury selection and on numerous occasions thereafter; and defendant's counsel offered to remain present as stand-by counsel.

Appeal by defendant from judgment entered 28 February 2006 by Judge W. Russell Duke, Jr., in Harnett County Superior Court. Heard in the Court of Appeals 21 February 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Anne Goco Kirby, for the State.*

*Jeffrey Evan Noecker, for defendant-appellant.*

TYSON, Judge.

Timmy Lane Walters ("defendant") appeals from judgment entered after a jury found him to be guilty of second degree rape. We reverse and remand for a new trial.

**STATE v. WALTERS**

[182 N.C. App. 285 (2007)]

## I. Background

Defendant was indicted on multiple charges including second degree rape on 6 September 2005. The case was called for trial on 27 February 2006 and defendant pled not guilty to the second degree rape charge. Defendant pled guilty to assault on a female, communicating threats, and interfering with emergency communications.

Before jury selection commenced, the trial court asked defendant if he was satisfied with his court appointed lawyer. Defendant responded, "No, sir. I'm really not." The trial court replied, "Tell me about that." The following exchange occurred:

Defendant: So I'd rather just go ahead and represent myself.

The Court: Well, we're not going to do that.

Defendant: Sir?

The Court: We're not going to do that.

Defendant: Well, I'm not satisfied with my lawyer, either.

The Court: All right. Well, you're not satisfied with what he is telling you, is that right?

Defendant: I'm not satisfied with him, period, to be truthful to you.

The trial court then discussed with defense counsel and the prosecutor the charges against defendant. The following exchange then occurred:

The Court: Anything else?

Defense Counsel: Your Honor, I mean, I certainly believe the defendant has a right to represent himself if that's what he chooses.

The Court: Yes, but I believe that at this point [defendant] hasn't shown me enough to show that he is capable of doing that.

Before proceeding with jury selection, the trial court stated to defendant:

The Court: [Defendant], you have a trained lawyer. This is a process where, if it is relevant material placed before the jury, the jury will determine the truth. Your lawyer knows the procedure. He knows the rules of evidence. He is familiar with your case. He

is prepared to try it. You just have to trust the procedure and the fact that you will get a fair trial. Anything else?

Defendant did not respond.

The trial court proceeded to jury selection. After jury selection, the trial court again addressed defendant regarding his attorney.

The Court: [Defendant], looks like over the past two and a half hours we've been choosing this jury you got along real well with your lawyer, is that right?

Defendant: Well, you know, right now, yes, sir.

The Court: Satisfied with his legal service?

Defendant: I'm satisfied with the jury we selected, yes, sir.

The Court: Satisfied with the way he did it?

Defendant: Yes, sir.

The trial court then proceeded to trial. After the State presented three witnesses, defendant told the trial court, "I'd like to represent myself from here on out. I feel more comfortable representing myself from here on out[.]" The trial court responded, "Your lawyer is doing a very good job. Anything else?"

Defense counsel and defendant conveyed defendant's concerns to the trial court. These concerns included photographs not being introduced into evidence and the discovery of additional materials from the State. The trial court recessed for the day.

The next morning, defense counsel informed the trial court defendant wanted to again address the court about representing himself. Defense counsel also informed the trial court about why defendant wanted to represent himself, and stated:

I've been faced with circumstances like this before in the past one other time that I was released during trial, and the judge simply asked me to stay, and if the defendant had questions concerning law or procedure, that I would be available to answer his questions. It's difficult to try to help [defendant]. And the whole time he has accused me of working with the DA[.]

Out of the presence of the jury, defendant again stated he was not satisfied with defense counsel and wanted to represent himself. The trial court responded:

We're burning daylight. We're wasting time . . . . I want the record to reflect that throughout yesterday, you and your lawyer engaged in very constructive conversation about the choice of the jury. You told me you were satisfied with the jury . . . .

[Defense counsel has] [b]een practicing 16 years. He has done an excellent job so far. Now, if you want to be stupid and try your own case and follow my rules, because you are going to follow the rules, whether you like them or not, then you can be stupid and do that. That's your choice. Or you can continue to participate in your own defense using a professional who has done this for over 15 years and has done an excellent job so far. . . . Now, you can be obstinate and you can be stupid and you can go to prison because you didn't listen to a professional. Or you can do it like somebody that's smart and participate in your defense using a professional. Your choice. . . . Either way you're going to play by the rules. . . . Now, I'm going to give you about two minutes to discuss this with your lawyer and then you make your decision.

Defendant continued to inform the trial court the reasons why he was not satisfied with defense counsel and stated, "[defense counsel] needs to start fighting my case." Each time defendant asserted a reason he wanted to represent himself, the trial court asserted an explanation for defense counsel's actions or inaction. The following exchange occurred:

The Court: [Defense counsel] is doing it, and doing a whale of a job. You just don't recognize it because you don't understand it. You have been watching too much TV. Now are you ready to proceed?

Defendant: Yeah.

Defense Counsel: Yes, your honor.

The Court: Bring the jury back.

Defense Counsel: Is [defendant] ready to proceed with me as his attorney?

The Court: That's my understanding.

Defendant: Can we have a private conversation between me and my lawyer?

STATE v. WALTERS

[182 N.C. App. 285 (2007)]

The Court: Sure.

. . . .

The Court: Have you settled everything with your lawyer?

Defendant: We're going to go ahead and proceed.

Defendant testified and asserted consent as his defense. The jury convicted defendant of second degree rape on 28 February 2006. Defendant was sentenced to a minimum of ninety months and to a maximum 117 months imprisonment. Defendant appeals.

## II. Issue

Defendant argues the trial court erred by refusing to permit him to exercise his constitutional right to represent himself at trial.

## III. Right to Self-Representation

Defendant contends he clearly and unequivocally asserted his constitutional right to represent himself prior to and during trial and argues the trial court erred by denying his right to represent himself. We agree.

The United States Supreme Court recognized a Sixth Amendment constitutional right for a criminal defendant to represent himself and proceed *pro se*. *Faretta v. California*, 422 U.S. 806, 807, 45 L. Ed. 2d 562, 566 (1975). The Court held:

> [T]he question is whether a State may constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense. It is not an easy question, but we have concluded that a State may not constitutionally do so.

*Id.*; *see also* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence.").

In *Faretta*, the Court reasoned:

> It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. *To force a lawyer on a defendant can only lead him to believe that the law contrives against him.* Moreover, it

is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. *Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction.* It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.

422 U.S. at 834, 45 L. Ed. 2d at 581 (internal quotation and citation omitted) (emphasis supplied).

The facts before us are strikingly similar to those in *Faretta*: (1) the defendant "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel[];" (2) "[t]he record affirmatively show[ed] [defendant] was literate, competent, and understanding, and that he was voluntarily exercising his informed free will[];" and (3) "[t]he trial judge had warned [defendant] that he thought it was a mistake not to accept the assistance of counsel, and that [defendant] would be required to follow all the 'ground rules' of trial procedure." 422 U.S. at 835-36, 45 L. Ed. 2d at 582. The United States Supreme Court concluded that under these circumstances Faretta was deprived "of his constitutional right to conduct his own defense" and vacated Faretta's conviction. *Id.*

Our Supreme Court has stated:

Even before the United States Supreme Court recognized the federal constitutional right to proceed *pro se* in [*Faretta v. California*], it was well settled in North Carolina that a defendant "has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972); *see* N.C. Const. art. I, § 23.

*State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992); *see also State v. Morgan*, 272 N.C. 97, 99, 157 S.E.2d 606, 608 (1967) ("Having been fully advised by the court that an attorney would be appointed to represent him if he so desired, he had the right to reject the offer of such appointment and to represent himself in the trial and disposition of his case."); *State v. McNeil*, 263 N.C. 260, 267-68, 139

S.E.2d 667, 672 (1965) ("The United States Constitution does not deny to a defendant the right to defend himself. Nor does the constitutional right to assistance of counsel justify forcing counsel upon a defendant in a criminal action who wants none.").

Here, defendant clearly and unequivocally declared before trial that he wanted to represent himself and did not want assistance of counsel when he stated, "I'd rather just go ahead and represent myself." The record shows defendant was competent, understood, and voluntarily exercised his free will. The trial court clearly expressed its opinion that it would be a mistake for defendant to represent himself and warned defendant he would have to "play by the rules." Under these circumstances, defendant, like Faretta, was deprived "of his constitutional right to conduct his own defense." *Faretta*, 422 U.S. at 836, 45 L. Ed. 2d at 582.

The State argues defendant cannot assert the trial court denied him the right of self-representation because he waived this right by electing to proceed with his attorney after requesting to represent himself. The State relies upon *United States v. Singleton*, 107 F.3d 1091 (4th Cir. 1997), *cert. denied*, 522 U.S. 825, 139 L. Ed. 2d 41 (1997). The State also cites other federal appellate decisions in support of its argument. We disagree.

Our Supreme Court has stated:

State courts are no less obligated to protect and no less capable of protecting a defendant's federal constitutional rights than are federal courts. In performing this obligation a state court should exercise and apply its own independent judgment, treating, of course, decisions of the United States Supreme Court as binding and according to decisions of lower federal courts such persuasiveness as these decisions might reasonably command.

*State v. McDowell*, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984). The United States Court of Appeals for the Fourth Circuit stated in *Singleton*, "no [United States] Supreme Court case has discussed in any detail the requirements for a waiver of the right to self-representation." 107 F.3d at 1096. We have also not found, or has either party cited, prior North Carolina state court precedent on this issue.

We consider the State's argument based upon the persuasive, but non-binding, precedent set out in *Singleton*, in which the court stated:

In order to preserve both the right to counsel and the right to self-representation, a trial court must proceed with care in evaluating a defendant's expressed desire to forgo the representation of counsel and conduct his own defense.

A trial court evaluating a defendant's request to represent himself must "traverse . . . a thin line" between improperly allowing the defendant to proceed *pro se*, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation. A skillful defendant could manipulate this dilemma to create reversible error. *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (en banc) (citations omitted). Of the two rights, however, the right to counsel is preeminent and hence, the default position. *Id.* at 1028; *United States v. Gillis*, 773 F.2d 549, 559 (4th Cir. 1985); *Tuitt*, 822 F.2d at 174 ("Where the two rights are in collision, the nature of the two rights makes it reasonable to favor the right to counsel which, if denied, leaves the average defendant helpless").

Because of the legal preeminence of the right to representation by counsel and the need to maintain judicial order, we have held that while the right to counsel may be waived only expressly, knowingly, and intelligently, "the right to self-representation can be waived by failure timely to assert it, or by subsequent conduct giving the appearance of uncertainty." *Gillis*, 773 F.2d at 559 (citations omitted). Consequently, if a defendant proceeds to trial with counsel and asserts his right to self-representation *only after trial has begun*, that right may have been waived, and its exercise may be denied, limited, or conditioned. Accordingly, *after trial has begun with counsel*, the decision whether to allow the defendant to proceed *pro se* rests in the sound discretion of the trial court. *See Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990); *United States v. Dunlap*, 577 F.2d 867, 868 (4th Cir. 1978) (holding that a defendant does not have an absolute right to dismiss counsel and conduct his own defense *after trial has begun* because of need "to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury"); *see also United States v. Lawrence*, 605 F.2d 1321 (4th Cir. 1979) (where represented defendant first asserts right to self-representation only *after jury had been selected* though not sworn, decision to allow *pro se* representation rests in sound discretion of trial court); *Chapman v. United States*, 553 F.2d 886, 893 (5th Cir. 1977) (right to self-representation may be waived *if*

STATE v. WALTERS

[182 N.C. App. 285 (2007)]

*not asserted before trial*); *Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976) (same); *United States v. Dougherty*, 473 F.2d 1113, 1123 (D.C. Cir. 1972) (right to self-representation "must be recognized *if it is timely asserted,* and accompanied by a valid waiver of counsel, and if it is not itself waived, either expressly, or constructively, as by disruptive behavior during trial").

107 F.3d at 1096-97 (emphasis supplied).

The case before us is distinguishable from *Singleton* and the other lower federal decisions cited therein, where those defendants failed to timely assert or waive their right to self-representation. Here, defendant timely asserted his right to self-representation when his case was called and stated his dissatisfaction with appointed counsel. Defendant reasserted his right to represent himself prior to trial and jury selection and on numerous occasions thereafter. Defendant's appointed counsel offered to remain present as stand-by counsel while defendant represented himself.

## IV. Conclusion

Defendant clearly and unequivocally asserted his constitutional right to represent himself when his case was called, prior to trial, and again after jury selection. Defendant re-asserted his right to self-representation after the State called three witnesses. Defendant did not waive his constitutional right to conduct his own defense. Under these circumstances, defendant was deprived "of his constitutional right to conduct his own defense." *Faretta*, 422 U.S. at 836, 45 L. Ed. 2d at 582; *Thomas*, 331 N.C. at 673, 417 S.E.2d at 475. After reviewing the record before us, we cannot conclude such constitutional error was harmless beyond a reasonable doubt. We reverse and remand for a new trial.

New Trial.

Judges ELMORE and GEER concur.