STATE OF NORTH CAROLINA, Plaintiff v. DEMAR RYAN WORRELL, Defendant

No. COA07-1120

(Filed 6 May 2008)

## 1. Constitutional Law— representation by counsel—revocation of waiver

The trial court did not err when it allowed a robbery defendant to be represented by counsel rather than proceed pro se where there is no evidence that the trial court expressly forced appointed counsel on defendant or pressured, coerced, or badgered defendant into accepting appointed counsel; the court indulged in every reasonable presumption against waiver of the right to counsel; and it conducted a thorough inquiry before defendant voluntarily revoked his waiver of the right to counsel.

## 2. Criminal Law— continuances—considerations—standard of review

Before ruling on a motion to continue, the trial court shall consider the complexity of the case as a whole, and errs when it denies a continuance for a defendant who does not have ample time to confer with counsel and prepare a defense. Review is for abuse of discretion, but denial provides grounds for a new trial only when defendant can show prejudice.

## 3. Criminal Law— continuance—denial

There was no error in the denial of defendant's pro se motion to continue his robbery prosecution where nearly three months had passed between defendant's indictment and the trial date, defendant offered the names of no witnesses who were necessary to his defense, and he made no showing as to any relevant facts for which he needed time to gather evidence.

## 4. Criminal Law— continuance—denial—no prejudice

The trial court was presented with a sufficient reason for a robbery defendant's requested continuance, but any error arising from the denial of the continuance was not prejudicial.

Appeal by defendant from judgment entered on or about 3 April 2007 by Judge Ripley Eagles Rand in Wayne County Superior Court. Heard in the Court of Appeals 2 April 2008.

> *Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Amar M. Majmundar, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.*

STROUD, Judge.

Defendant Demar Ryan Worrell appeals from judgment entered upon jury verdicts finding him guilty of robbery with a dangerous weapon and possession of a firearm by a convicted felon. Defendant contends that the trial court erred by denying: (1) his constitutional right to represent himself, and (2) his motions to continue. After careful review of the record we conclude that defendant received a fair trial, free of reversible error.

## I. Background

At trial, the State presented the following evidence: On 19 July 2005 a four-door silver sedan belonging to defendant's mother, Gloria Worrell, pulled into the parking lot of Wachovia Bank in Mount Olive, Wayne County. Defendant and one other person ("Jack") emerged from the sedan, donned orange masks and entered the bank. The driver of the sedan left the bank and waited about a block away.

Upon entering the bank, defendant announced his intention to commit a robbery and demanded that the tellers "[g]ive me your money." Defendant then jumped over the counter and proceeded to take money from a teller drawer. During this time, Jack brandished a silver pistol and threateningly displayed it to the various bank personnel.

After taking the money, defendant jumped back over the counter and left the bank with Jack. Defendant and Jack ran back to the silver sedan and fled the area.

On 2 January 2007, the Wayne County Grand Jury indicted defendant for armed robbery and possession of a firearm by a convicted felon. Defendant was tried before a jury in Superior Court, Wayne County, from 26 March to 3 April 2007. The jury found defendant guilty of robbery with a dangerous weapon and possession of a

firearm by a convicted felon. Upon the jury's verdict, the trial court sentenced defendant to 77 to 102 months. Defendant appeals.

II. Criminal Defendant's Right to Appear *Pro Se*

**[1]** Defendant, citing *State v. Walters*, contends that a trial court errs when a competent, understanding defendant, in the voluntary exercise of his free will, "clearly and unequivocally declare[s] before trial that he want[s] to represent himself and d[oes] not want assistance of counsel," but is not allowed to represent himself. 182 N.C. App. 285, 291, 641 S.E.2d 758, 761 (2007). Defendant contends that his case is "strikingly similar" to *Walters* and to *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562 (1975), a United States Supreme Court case recognizing a criminal defendant's constitutional right to represent himself.

However, "courts indulge in every reasonable presumption against waiver . . . of the right to counsel[.]" *Brewer v. Williams*, 430 U.S. 387, 404, 51 L. Ed. 2d 424, 440 (1977) (citations omitted) (holding that the defendant had not waived right to counsel and affirming suppression of incriminating statements made without the presence of counsel). "[T]he trial court must conduct a thorough inquiry" before it allows a criminal defendant to waive appointed counsel. *State v. Thomas*, 331 N.C. 671, 674, 417 S.E.2d 473, 476 (1992) (granting a new trial when the trial court allowed the defendant to waive appointed counsel without conducting a thorough inquiry to ensure that defendant understood the consequences of proceeding *pro se*).

After review of the record, we do not find that this case is "strikingly similar" to *Faretta* or *Walters*. In *Faretta*, the defendant was granted a new trial when the trial court "required that [the defendant's] defense be conducted only through the appointed lawyer from the public defender's office," 422 U.S. at 811, 45 L. Ed. 2d at 568, even though the defendant was "literate, competent, and understanding" and "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." *Id.* at 835, 45 L. Ed. 2d at 582. In *Walters*, this Court extended the holding in *Faretta* to a case where the trial court badgered an unwilling defendant until he accepted a court-appointed attorney:

[The trial court:] We're burning daylight. We're wasting time . . . . Now, if you want to be stupid and try your own case . . . . then you can be stupid and do that. That's your choice. . . . [Y]ou can be obstinate and you can be stupid and *you can go to prison*

*because you didn't listen to a professional.* Or you can do it like somebody that's smart and participate in your defense using a professional. Your choice. . . . Now, I'm going to give you about two minutes to discuss this with your lawyer and then you make your decision. . . .

. . . .

[Y]ou don't understand it. You have been watching too much TV. Now are you ready to proceed?

*Walters,* 182 N.C. App. at 288-89, 641 S.E.2d at 759-60 (emphasis added) (quoting from the trial transcript).

The facts in the record *sub judice* are manifestly different from *Walters* and *Faretta*. Here, the trial court questioned defendant about his ability to represent himself, noted for the record that defendant "answered all of my questions and that he knowingly, intelligently, voluntarily, and as his informed choice has waived any right to a lawyer[,]" and then recognized James Copeland, who had previously been appointed, as standby counsel. The trial court heard defendant's *pro se* pre-trial motions. The trial court granted some of his motions and denied others,[1] treating defendant with respect throughout the hearing. After defendant appeared confused during the hearing on his motion for discovery, the trial court told defendant:

If you want Mr. Copeland to represent you, I'll make that available to you one more time. . . . You've obviously worked very hard in reviewing all the paperwork that the State has given you in making yourself aware of the different procedural motions that [you] can make. . . . [Y]ou've made what I would consider . . . a fairly effective presentation about the facts in your case and the things that you want to see happen. . . .

[Y]ou've done a lot of work, but Mr. Copeland [has been practicing law a long time, and] he knows more about it than you do, quite frankly.

Defendant then moved for continuance, and told the trial court that he would have "no choice" but to accept court-appointed counsel if the trial court did not continue his case. The trial court then denied defendant's motion for continuance.[2]

1. Other than the motion to continue which is reviewed *infra,* none of the trial court's rulings on defendant's *pro se* pre-trial motions were made the subject of this appeal.

2. The trial court properly denied defendant's motion for continuance. *See infra.*

After the denial of his motion for continuance, defendant realized that he was not capable of adequately providing his own defense. He voluntarily revoked his waiver of appointed counsel and informed the trial court that he would no longer represent himself, but would be represented by Mr. Copeland as his court-appointed attorney. The trial court asked again, to ensure that representation by Mr. Copeland was fully defendant's choice, before appointing Mr. Copeland as defense counsel.

There is no evidence in the record that the trial court express-ly forced appointed counsel on defendant, as in *Faretta*, 422 U.S. at 811, 45 L. Ed. 2d at 567, nor is there any evidence that the trial court pressured, coerced, or badgered defendant into accepting appointed counsel, as in *Walters*, 182 N.C. App. at 293, 641 S.E.2d at 762. Rather, the trial court "indulge[d] in every reasonable presump-tion against waiver of the right to counsel[,]" *Brewer*, 430 U.S. at 404, 51 L. Ed. 2d at 440, and "conduct[ed] a thorough inquiry[,]" *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476, before defendant voluntarily revoked his waiver of the right to counsel. Accordingly, we hold that the trial court did not err when it allowed defendant to be repre-sented by counsel.

## III. Continuances

**[2]** Defendant contends that he was prejudiced by the trial court's denial of his motions for continuance, the first made *pro se,* the second made by his appointed counsel. Defendant, citing *State v. Rogers*, contends that "when a motion to continue raises a constitu-tional issue, . . . the trial court's ruling is fully reviewable by an exam-ination of the particular circumstances of each case." 352 N.C. 119, 124, 529 S.E.2d 671, 675 (2000) (citation and internal quotation marks omitted). The State relies on *State v. Branch*, to contend that the denial of defendant's motions to continue should be reviewed only for abuse of discretion. 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982) (not-ing both standards of review, and concluding that the record showed neither abuse of discretion nor prejudice to defendant in the denial of the motion to continue). We agree with defendant's standard of review, with the added proviso that "the denial of a motion to con-tinue, whether a constitutional issue is raised or not, is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and *that he suffered prej-udice as a result of the error.*" *Rogers*, 352 N.C. at 124, 529 S.E.2d at 675 (emphasis added).

Before ruling on a motion to continue, the trial court shall consider, *inter alia*, "[w]hether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that more time is needed for adequate preparation[.]" N.C. Gen. Stat. § 15A-952(g)(2) (2005). Consideration of a motion to continue pursuant to section 15A-952(g)(2) is heavily fact-based, and disposition of the motion is to be determined by weighing the complexity of the charges, including the number of incidents, the number of witnesses, the number of locations involved, and the severity of the punishment, against the amount of time available for preparation of a defense. *Rogers*, 352 N.C. at 125, 529 S.E.2d at 675.

A trial court errs when it denies a motion to continue where the defendant "d[oes] not have ample time to confer with counsel and to investigate, prepare and present his defense." *Rogers*, 352 N.C. at 125, 529 S.E.2d at 675 (citation and quotation marks omitted) (holding that a motion to continue was improperly denied when the crimes committed involved "multiple incidents in multiple locations over a two-day period" and counsel had only thirty-four days to prepare for a bifurcated capital trial); *but see Branch*, 306 N.C. at 105-06, 291 S.E.2d at 657 (holding that the motion to continue was properly denied when four months had passed between indictment and trial and the defendant did not support his motion with the names of any witnesses necessary to his defense); *State v. Searles*, 304 N.C. 149, 154-55, 282 S.E.2d 430, 433-34 (1981) (holding that a motion to continue was properly denied when eight weeks had passed between appointment of counsel and trial and the defendant gave the trial court only the nickname of a potential witness and made no showing of why the witness was necessary to his defense).

A. Defendant's First Motion to Continue

[3] On the day defendant's case was called for trial, before jury selection, defendant moved *pro se* to continue for the following reasons:

> I have more evidence that I would like to bring forth and subpoena the witnesses I would like to bring on my behalf. . . .

> . . . .

> I just ask I may be granted a continuance based on my ignorance, and I would like to at least be having a chance to have evidence on my behalf that I need to bring forth [to] the Court, too. . . .

> . . . .

I didn't even think this case was going to be on the docket for at least another seven, eight months. So I really wasn't—I was, pretty much, getting down pat about my investigation, who I wanted to subpoena around the time when I went to court last week and [Judge] Weeks told me about them taking this to trial Monday, today. . . .

. . . .

I didn't think this case was going to come up so fast.

As in *Rogers*, defendant's motion to continue was on the grounds of insufficient time to prepare an adequate defense and therefore raises constitutional questions which will be "fully review[ed] by an examination of the particular circumstances of [the] case." *Rogers*, 352 N.C. at 124, 529 S.E.2d at 675.

Defendant was proceeding *pro se* when he first moved for a continuance, so the first prong of *Rogers*, "ample time to confer with counsel[,]" 352 N.C. at 125, 529 S.E.2d at 675, is irrelevant to defendant's first motion to continue and we need to consider only whether defendant had sufficient time "to investigate, prepare and present his defense." *Id.* The record shows that nearly three months had passed between defendant's indictment and the trial date. Defendant offered the names of no witnesses who were necessary to his defense and made no showing as to any relevant facts for which he needed time to gather evidence. On this record, we conclude that defendant's first motion to continue is inapposite to *Rogers*. Rather, it is apposite to *Branch*, 306 N.C. at 105-06, 291 S.E.2d at 657, where this Court found no error in the denial of a motion to continue when four months had passed between indictment and trial and the defendant did not support his motion with the names of any witnesses necessary to his defense. Accordingly, we hold that the trial court did not err when it denied defendant's first motion to continue.

B. Defendant's Second Motion to Continue

[4] The day after defendant began to be represented by court-appointed counsel, he moved for continuance a second time through counsel, arguing to the trial court:

I will need to get a continuance [in order for a private detective] to be of any assistance to me at all. . . .

Additionally, Your Honor, I sent Mr. Worrell's mother out to get a witness [who] would corroborate what he told police . . . . about

what happened on that day. . . . [The witness] [d]idn't really know him but remembered the incident happening. . . . [S]he remembered him trying to get into her house, use the phone, but she wouldn't let him in.

I got the name of that person. . . . [S]he apparently is, I'm guessing, an elderly woman.

. . . .

. . . . [S]he is apparently a reluctant witness to come up here[.]

The trial court denied defendant's second motion for continuance and proceeded to jury selection.

Mr. Copeland was appointed on Friday, 16 March 2007, as standby counsel, a role limited "to assist[ing] the defendant when called upon and to bring[ing] to the judge's attention matters favorable to the defendant[.]" N.C. Gen. Stat. § 15A-1243 (2005); *see also Thomas*, 331 N.C. at 677, 484 S.E.2d at 478. Mr. Copeland learned on Tuesday, 20 March 2007, that the case was calendared for trial on Monday, 26 March 2007. Jury selection began on Tuesday, 27 March 2007. Defense counsel had been involved in the case in the very limited role of standby counsel for only ten days, and had less than twenty-four hours from when he was appointed to prepare for trial as sole counsel on a charge of armed robbery, a Class D Felony. Defendant supported his motion to continue by describing an essential witness in detail and forecasting relevant evidence to which the witness was expected to testify.

Even though the crimes for which defendant was being tried involved only one incident in one location and a small number of witnesses, less than one day with Mr. Copeland as sole counsel was not sufficient to allow defendant "ample time to confer with counsel and to investigate, prepare and present his defense." *Rogers*, 352 N.C. at 125, 529 S.E.2d at 675. Accordingly, we conclude that the trial court was presented with sufficient basis for continuance.

In deciding this case, we are careful to avoid chilling a criminal defendant's right to represent himself, *Rogers*, 352 N.C. at 126, 529 S.E.2d at 675, but we note that "[a] defendant is not prejudiced . . . by error resulting from his own conduct[,]" N.C. Gen. Stat. § 15A-1443(c) (2005), and we are wary of actions by a criminal defendant which tend to "disrupt or obstruct the orderly progress of the court under the guise of . . . nonmeritorious motions to continue[,]" *Rogers*, 352

N.C. at 126, 529 S.E.2d at 676 (internal citation and quotation marks omitted). Defendant's insistence on representing himself, which he later revoked, contributed to the late date at which Mr. Copeland was appointed as defense counsel. Further, the trial court granted a recess of two business days at the close of the State's evidence on Wednesday, resuming court the next Monday, in order for defendant to procure his witness, and a witness matching the description given by defendant—Annie Mae Thompson—appeared and testified on Monday following the recess:

> Q. Okay. Now, during the summer of 2005, did anything unusual happen at your house that you recall, ma'am?
>
> A. Yes. . . . Someone knocked on the door[.]
>
>    . . . .
>
> He said . . . , "Miss, may I use the telephone, please?" I said, "No. I don't open my door at night." But I didn't tell him why.
>
> Q. Did you ever open the door to see who he was?
>
> A. No.

On this record, we conclude defendant's contribution to the delay in appointment of counsel, combined with the trial court's grant of a two business day recess for the procurement of the necessary witness, and the witness' appearance and testimony to the facts forecast in support of the motion to continue leave no basis for defendant to complain on appeal that he was prejudiced by the denial of his second motion to continue. This assignment of error is overruled.

## IV. Conclusion

We conclude that the trial court did not err when it allowed defendant to be represented by counsel and denied defendant's first motion to continue. We further conclude that any error arising from the trial court's denial of defendant's second motion to continue did not prejudice defendant. Accordingly, we hold that defendant received a fair trial, free of reversible error.

No error.

Judges HUNTER and ELMORE concur.