STATE v. JOHNSON

[190 N.C. App. 818 (2008)]

STATE OF NORTH CAROLINA v. BILLY M. JOHNSON, DEFENDANT

No. COA07-971

(Filed 3 June 2008)

**1. Criminal Law— insanity—no hearing—positive mental health examination—courtroom demeanor indicating competence**

The trial court did not err by failing to conduct a hearing on an armed robbery defendant's capacity to proceed where he had filed a pro se notice of intent to rely on insanity, defendant's attorney later requested a continuance for a mental health examination, a mental health professional found defendant competent, no one requested a hearing on competence, and defendant's actions and courtroom behavior did not indicate incompetence.

**2. Constitutional Law— right to self-representation—desire not clearly expressed**

The trial court did not err in an armed robbery prosecution by failing to allow defendant to represent himself where defendant requested that the trial court terminate his appointed attorney · but did not ask to represent himself.

Appeal by defendant from judgment entered 20 March 2007 by Judge Timothy L. Patti in Cleveland County Superior Court. Heard in the Court of Appeals 6 February 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General James A. Wellons, for the State.*

*Russell J. Hollers, III, for defendant.*

ELMORE, Judge.

A grand jury indicted Billy M. Johnson (defendant) for robbery with a dangerous weapon in 2005. Following defendant's conviction after a jury trial, the trial court sentenced defendant to 103 months' to 133 months' imprisonment. Defendant now appeals.

Three days after police arrested defendant, a district court judge entered a safekeeping order removing defendant from the county facilities to the Department of Corrections. The court's decision, which was based on defendant's refusal of necessary dialysis treatment, came after the court received a nurse's report that defendant

was refusing to cooperate with the staff, was on suicide watch, and had been throwing feces and urine.

One month later, the trial court granted defense counsel's motion to have defendant examined for the purposes of determining his competency to stand trial. Following the November 2005 examination, the forensic examiner concluded that defendant was "capable of proceeding to trial at this time."

Defendant, acting *pro se*, filed notice of his intent to rely on an insanity defense on 11 May 2006. On 25 September 2006, defendant's trial counsel filed a motion with the court requesting a continuance. The motion stated that although defendant had "from time to time" indicated that he planned to raise the defense of insanity, he had "expressed multiple intentions as to how he would ultimately proceed in this case." However, the motion indicated "[t]hat on September 22, 2006 the Defendant indicated to counsel his serious intend [sic] to proceed with an insanity defense in this matter." Stating that she was not prepared to present that defense, defendant's attorney requested a continuance "to allow for a mental health examination." The trial court granted the motion in an order entered 25 October 2006, ordering "that the Defendant shall be evaluated by the appropriate state facility . . . ."

On 20 February 2006, defendant again filed a handwritten *pro se* document with the trial court, this time requesting leave to terminate his court appointed attorney. The court took no action on defendant's request.

On 12 March 2007, the court called defendant's case for trial. Neither defendant nor his attorney mentioned anything about defendant's capacity to stand trial or his desire to terminate his attorney when the trial court asked if there were any matters that needed to be addressed. Throughout the trial, defendant was cooperative and appeared to be actively engaged in his defense. Defendant held a discussion with the court regarding his decision not to testify in his own defense, he requested that his attorney ask the trial court for an instruction on a lesser included offense, and he testified on his own behalf at his sentencing hearing. At the sentencing hearing, defendant's trial counsel stated that defendant had always treated her respectfully, and that defendant "helped me a great deal in his defense with his ideas and opinions about things."

[1] On appeal, defendant first argues that "the trial court erred in failing to conduct a hearing on [his] capacity to proceed." We disagree.

We find this Court's recent decision in *State v. Staten*, 172 N.C. App. 673, 616 S.E.2d 650 (2005), particularly helpful in our analysis. The defendant in that case, a mentally retarded man, argued that the court should have ordered a competency hearing *sua sponte*. *Id.* at 677, 616 S.E.2d at 654. As in this case, a mental health professional found that the *Staten* defendant was competent prior to trial. *Id.* at 676-77, 616 S.E.2d at 653. The *Staten* court stated,

> The question of capacity may be raised at any time by motion of the prosecutor, the defendant or defense counsel, or the court. Once a defendant's capacity to stand trial is questioned, the trial court must hold a hearing pursuant to N.C. Gen. Stat. § 15A-1002(b) (2003). A defendant has the burden of proof to show incapacity or that he is not competent to stand trial.

*Id.* at 678, 616 S.E.2d at 654 (quotations and citations omitted). No one requested a hearing in *Staten*; the same is true in the present case. However, as we acknowledged in *Staten*,

> [a] trial court has a constitutional duty to institute, *sua sponte*, a competency hearing *if there is substantial evidence that the accused may be mentally incompetent*. In other words, a trial judge is required to hold a competency hearing when there is a *bona fide* doubt as to the defendant's competency even absent a request.

*Id.* at 678, 616 S.E.2d at 654-55 (quotations and citations omitted) (emphasis in original). The issue therefore becomes whether there was *bona fide* doubt as to defendant's competency in this case. We hold that there was not.

> Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant to a *bona fide* doubt inquiry. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.

*Id.* at 678-79, 616 S.E.2d at 655 (quotations and citations omitted). In this case, as in *Staten*, defendant's actions and courtroom behavior did not indicate that defendant was incompetent. He participated in the proceedings, his demeanor was appropriate, and his trial counsel represented that he was competent. *See id.* at 678, 616 S.E.2d at 654 ("[T]he court gives significant weight to defense counsel's represen-

tation that a client is competent, since counsel is usually in the best position to determine if his client is able to understand the proceedings and assist in his defense.") (quotations and citations omitted). Moreover, the only examination conducted as to defendant's capacity resulted in a determination that he was fit to stand trial. As we stated in *Staten*, "where, as here, the defendant has been . . . examined relative to his capacity to proceed, and all evidence before the court indicates that he has that capacity, he is not denied due process by the failure of the trial judge to hold a hearing." *Id.* at 684, 616 S.E.2d at 658 (quotations and citations omitted) (alteration in original). The trial court did not err by choosing not to conduct a hearing.

**[2]** We also disagree with defendant's contention that the trial court should have allowed him to represent himself. Contrary to defendant's argument, this case is not controlled by this Court's decision in *State v. Walters*, 182 N.C. App. 285, 641 S.E.2d 758 (2007). In *Walters*, the defendant "clearly and unequivocally declared before trial that he wanted to represent himself and did not want assistance of counsel when he stated, 'I'd rather just go ahead and represent myself.' " *Id.* at 291, 641 S.E.2d at 761. Defendant in the present case merely requested that the trial court terminate his appointed attorney; at no time did he request to represent himself.

Defendant attempts to persuade this Court that any ambiguity is the fault of the trial court. Defendant argues that had the trial court conducted a hearing as defendant requested, it would have been abundantly clear that he did, in fact, wish to represent himself, and that he should not be penalized for the trial court's failure to conduct such a hearing. We are not convinced. Defendant had ample opportunity to state to the trial court that he wished to represent himself. He failed to do so. His written request that his attorney be terminated does not amount to a request to represent himself. As our Supreme Court has established, "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E.2d 788, 800 (1981) (citations omitted). The trial court did not err.

Having conducted a thorough review of the briefs and record in this case, we find no error.

No error.

Judges McCULLOUGH and ARROWOOD concur.