STATE OF NORTH CAROLINA
v.
JAMES MICHAEL GRICE, Defendant.
No. COA09-469
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kimberly L. Wierzel, for the State.
Brian Michael Aus, for defendant-appellant.
STROUD, Judge.
On 1 March 2006, James Michael Grice ("defendant") was convicted of Level 2 Driving While Impaired ("DWI"). The trial court sentenced defendant to a suspended term of twelve months imprisonment, with twelve months of supervised probation. Defendant's probationary period was later extended to eighteen months. We find no prejudicial error.
On or about 13 June 2008, defendant's probation officer filed a probation violation report alleging the following violations of the conditions of defendant's probation: (1) defendant failed to pay a monthly monetary condition and was in arrears $731.00; (2) defendant failed to pay a monthly probation supervision fee and was in arrears $349.00; and (3) defendant was convicted of driving while license revoked ("DWLR") and failing to notify the Department of Motor Vehicles ("DMV") of the DWLR conviction. On 7 July 2008, defendant was informed of his right to counsel, waived his right to court-appointed counsel, and signed a waiver of counsel form.
The trial court held a probation revocation hearing on 28 July 2008, at which defendant appeared pro se. At that hearing, counsel for the State asked defendant "[A]re you admitting or denying your probation violation?" Defendant responded "I admit my probation violation." The probation officer then recommended revocation. Defendant then explained to the trial court that he unsuccessfully attempted to hire an attorney, had several monetary problems, and had recently completed his substance abuse classes. Defendant asked the trial court "to give [him] one more extension . . . to raise the money" to hire his attorney of choice. The trial court did not grant defendant's request and instead found that defendant willfully and without lawful excuse violated the terms and conditions of his probation. Thereafter, the trial court revoked defendant's probation and activated his suspended sentence. Defendant gave timely notice of appeal in open court.
Defendant only raises one assignment of error on appeal. He contends that his request to the court for "one more extension" to raise the money to hire an attorney should be construed as a motion to continue and that the trial court erred by failing to continue defendant's probation revocation hearing in order for defendant to hire counsel. At defendant's probation revocation hearing, defendant argued that he could not meet the monetary conditions of his probation because he was supporting two children, paying $300 in monthly fees for a court-ordered substance abuse treatment program and paying $300 a month for his medication at a methadone clinic. Because of these expenses, defendant also could not afford the attorney of his choice and therefore requested that the trial court allow him more time to raise the money.
Our Supreme Court has held that "[a] motion for a continuance is ordinarily addressed to the sound discretion of the trial court." State v. Smith, 310 N.C. 108, 111, 310 S.E.2d 320, 323 (1984) (citation omitted). In such cases, the trial court's ruling will not be disturbed unless it is manifestly unsupported by reason, which is to say it is so arbitrary that it could not have been the result of a reasoned decision. State v. T.D.R., 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (citations omitted). "If, however, a motion to continue is based on a constitutional right, then the motion presents a question of law which is fully reviewable on appeal." Smith, 310 N.C. at 112, 310 S.E.2d at 323.
Defendant argues that his motion to continue was based on a constitutional ground because it was related to his inability to retain counsel of his choice in time for the hearing. See State v. Worrell, 190 N.C. App. 387, 391-92, 660 S.E.2d 183, 186-87 (finding that a motion to continue on the grounds of insufficient time to prepare an adequate defense raises constitutional questions), appeal dismissed, 362 N.C. 688, 671 S.E.2d 531-32 (2008).
However, it is unnecessary for us to determine whether the trial court's failure to continue the probation revocation hearing constitutes constitutional error. Even if a motion to continue raises a constitutional issue, "the denial of a motion to continue. . . is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and that he suffered prejudice as a result of the error." State v. Rogers, 352 N.C. 119, 124, 529 S.E.2d 671, 675 (2000). Defendant contends that he suffered prejudice because the trial court allegedly failed to consider that defendant's living expenses and costs for substance abuse treatment made defendant unable to pay his court costs and probation fees for which he was in arrears. Defendant argues that, if he had counsel, he would have been able to make a better presentation to the trial court regarding his inability to pay.
Defendant's argument overlooks the fact that he admitted to a third violation of his probation, which was completely unrelated to his failure to abide by the monetary conditions of his probation. For the trial court to revoke defendant's probation "the evidence [need only] be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Sawyer, 10 N.C. App. 723, 725, 179 S.E.2d 898, 899 (1971) (citation omitted). "Our courts have consistently held that violation of a single requirement of probation is sufficient to warrant revocation of that probation." State v. Belcher, 173 N.C. App. 620, 625, 619 S.E.2d 567, 570 (2005). "The burden is on defendant to present competent evidence of his inability to comply with the conditions of probation; and that otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was wilful or without lawful excuse." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987) (citation omitted).
Here, the third condition of defendant's probation required that he "[c]ommit no criminal offense in any jurisdiction[.]" Defendant admitted to violating the terms and conditions of his probation by being convicted of two offenses: (1) DWLR and (2) failing to notify the DMV of his DWLR conviction. Defendant's financial situation is entirely unrelated to his ability to comply with this condition of his probation. This violation provided an independent basis for the revocation of defendant's probation, regardless of defendant's financial woes.
Accordingly, regardless of the propriety of the trial court's refusal to continue defendant's probation violation hearing, defendant cannot demonstrate that he suffered any prejudice. The trial court could properly revoke defendant's probation based only upon his violation of the third condition of his probation, to "[c]ommit no criminal offense in any jurisdiction[.]" The trial court had sufficient evidence to revoke defendant's probation and activate his sentence.
No prejudicial error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).