STATE OF NORTH CAROLINA v. CHARLES JOE BRANCH

No. 37PA82

(Filed 2 June 1982)

1. **Criminal Law § 91.7— denial of continuance to obtain witnesses**

The trial court did not abuse its discretion in the denial of defendant's belated motion for a continuance until certain witnesses could be contacted where defendant failed to inform the trial court of the name of any witness he allegedly sought to bring before the court, what defendant expected to attempt to prove through any such witness, or the likelihood that the witnesses could ever be located or be available for trial if they existed, and where defendant presented the trial court with no information tending to show why the four-month period between formal charges and his trial date was not sufficient to locate necessary witnesses and have them present for trial.

2. **Criminal Law § 75.8— resumption of questioning by second officer—failure to repeat Miranda warnings**

Defendant's confession to an officer after he had previously been questioned by another officer who had given him the *Miranda* warnings was not rendered involuntary and inadmissible by reason of the failure of the second officer to repeat the *Miranda* warnings before questioning defendant where the questioning by the second officer occurred approximately one hour and fifteen minutes after the initial warnings had been given to the defendant; this questioning was conducted in the same sheriff's department in which the warnings had been given to the defendant; the initial questioning of defendant was interrupted at defendant's request in order that he might talk with his brother in private, the first officer was called to another case during this interruption, and the second officer thereafter continued the questioning; the two officers were together when they initially brought defendant and his brother to the sheriff's department, and defendant was aware that both officers were involved in the same investigation; the confession given to the second officer in no way differed from any previous statements made by the defendant; and at the time of the questioning, defendant was a 29 year old man of apparently sound intellect who did not appear to be unduly upset.

**3. Criminal Law § 75.2 — voluntariness of confession — no threat to implicate defendant's father**

Defendant's confession was not improperly coerced and rendered involuntary by the fear that his father would be implicated in the theft of tires being investigated where the officer told defendant only that officers had information that the truck occupied by defendant and his brother, which was registered to defendant's father, had been used in an effort to sell stolen tires and that officers "would probably need to check to see if his father had any involvement," but the officer did not indicate that defendant's father would or would not be arrested or investigated if defendant failed to confess, since any motivation or desire that defendant may have had to protect his father from investigation was not suggested by law enforcement officials  but originated with the defendant.

**4. Criminal Law § 75.2 — voluntariness of confession — officer's promise to talk with district attorney**

An officer's statement that "we would talk with the District Attorney if he made a statement which admitted his involvement" could not have aroused in the defendant any reasonable hope of reward if he confessed and thus did not render his confession involuntary.

BEFORE *Judge Hollis M. Owens, Jr.,* presiding at the December 1980 Session of McDOWELL Superior Court, the defendant was convicted by a jury of felonious larceny in violation of G.S. 14-72(a) and sentenced to a term of imprisonment of not less than four years nor more than six years. The defendant's appeal to the Court of Appeals was dismissed due to late filing of the record on appeal. On 4 January 1982 the Court of Appeals, with *Judge Clark* dissenting, denied the defendant's petition for certiorari. The defendant's petition to this Court for writ of certiorari was allowed on 3 March 1982.

*Rufus L. Edmisten, Attorney General, by Richard L. Kucharski, Assistant Attorney General,* for the State.

*Stephen R. Little, Attorney for the defendant appellant.*

MITCHELL, Justice.

The issues raised before this Court are whether the trial court erred by denying the defendant's motion for a continuance and by admitting into evidence the defendant's confession. We find that no prejudicial error occurred in the trial court.

The State's evidence at trial tended to show that on 23 June 1980 the garage supervisor of Ethan Allen, Inc., an industrial plant in Old Fort, North Carolina, found eleven truck tires of a

total value of approximately $1,700 missing from a company garage. He also found footprints leading away from the garage into a path nearby. Weeds in the path had been trampled and a barbed wire fence had been stretched down. One tire missing from the garage was found in a creek near the path. Two days later the defendant and his brother were stopped by Deputy Robert Smith and Lieutenant Jackie Turner of the McDowell County Sheriff's Department. At the time they were stopped, the defendant and his brother were driving a truck which had been seen at the plant on the day of the larceny. The deputes also had received information that the same truck had been used by individuals trying to sell tires to a nearby business. The truck belonged to the defendant's father who was an employee at the Ethan Allen Plant. The deputies advised the defendant and his brother that they were wanted for questioning and took them to the offices of the McDowell County Sheriff's Department. The defendant was advised of his constitutional rights as prescribed in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966) at approximately 7:45 p.m. and signed a written waiver form. After talking with Deputy Smith for a few minutes, the defendant was allowed at his own request to talk privately with his brother in a hallway. When the defendant returned, Deputy Smith received a call and had to leave the office. Lieutenant Turner had been questioning the defendant's brother. When Deputy Smith left the offices, Lieutenant Turner conducted the questioning of the defendant. Lieutenant Turner began questioning the defendant at approximately 9:00 p.m. and did not readvise the defendant of his rights under *Miranda.* The defendant made a statement at that time in the nature of a confession.

During the trial the defendant objected to any evidence being admitted concerning his confession. The trial court conducted a *voir dire* hearing and made findings of fact and conclusions of law. The trial court concluded that the defendant's confession was freely, knowingly and intelligently made and overruled the defendant's objection to the admission of the confession into evidence. Lieutenant Turner then testified that the defendant stated that he and his brother stole the tires from Ethan Allen, Inc. and attempted to sell them in Spruce Pine, North Carolina. The defendant told Lieutenant Turner that his father was not involved in the theft, expressing his concern that his father might

be investigated and might lose his job at Ethan Allen, Inc. Other facts arising from the State's evidence are set forth hereinafter in this opinion where pertinent.

The defendant presented no evidence.

[1] The defendant first assigns as error the failure of the trial court to allow his motion to continue the trial of his case until certain witnesses could be contacted. The defendant failed to file his motion to continue within the time required by G.S. 15A-952(c). This failure to file the motion within the required time constituted a waiver of the motion. G.S. 15A-952(e). Thus, the question before us is whether the trial court abused its discretion by failing to exercise the power granted it by G.S. 15A-952(e) to grant the defendant relief from his waiver of his right to move for a continuance. We hold that the trial court did not abuse its discretion in this regard.

A motion for continuance, even when filed in a timely manner pursuant to G.S. 15A-952, is ordinarily addressed to the sound discretion of the trial judge whose ruling thereon is not subject to review absent an abuse of such discretion. *State v. Weimer*, 300 N.C. 642, 268 S.E. 2d 216 (1980). This rule requiring the defendant to make a showing of abuse by the trial court in denying his motion for a continuance should be applied with even greater vigor in cases such as this in which the defendant has waived his right to make a motion to continue by failing to file the motion within the time prescribed by G.S. 15A-952.

An equally well-established rule, however, is that when a motion raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances presented by the record on appeal of each case. *State v. Searles*, 304 N.C. 149, 282 S.E. 2d 430 (1981). The denial of a motion to continue, even when the motion raises a constitutional issue, is grounds for a new trial only upon a showing by the defendant that the denial was erroneous and also that his case was prejudiced as a result of the error. *Id.* The constitutional guarantees of due process, assistance of counsel and confrontation of witnesses unquestionably include the right of a defendant to have a reasonable time to investigate and prepare his case. No precise time limits are fixed, however, and what constitutes a reasonable length of time for the preparation

of a defense must be determined upon the facts of each case. *Avery v. Alabama*, 308 U.S. 444, 84 L.Ed. 377, 60 S.Ct. 321 (1940); *State v. Searles*, 304 N.C. 149, 282 S.E. 2d 430 (1981).

In making our review and reaching our determination upon the facts of a particular case, we can judicially know only what appears of record on appeal and will not speculate as to matters outside the record. *Tomlins v. Cranford*, 227 N.C. 323, 42 S.E. 2d 100 (1947). The record on appeal in the present case fails to reveal that the defendant informed the trial court of the name of a single witness the defendant allegedly sought to bring before the court. The record is also absolutely devoid of any indication as to what the defendant expected to attempt to prove through these witnesses or the likelihood that they could ever be located or be available for trial if they existed. As Justice Huskins, speaking for this Court in a similar case, indicated:

> The oral motion for continuance is not supported by affidavit or other proof. In fact, the record suggests only a natural reluctance to go to trial and affords little basis to conclude that absent witnesses, if they existed, would ever be available. We are left with the thought that defense counsel suffered more from lack of a defense than from lack of time. 'Continuances should not be granted unless the reasons therefor are fully established. Hence, a motion for a continuance should be supported by an affidavit showing sufficient grounds.' (Citations omitted).

*State v. Cradle*, 281 N.C. 198, 208, 188 S.E. 2d 296, 303, *cert. denied*, 409 U.S. 1047, 34 L.Ed. 2d 499, 93 S.Ct. 537 (1972). We encourage counsel in criminal cases to offer such affidavits or other evidence when making motions to continue pursuant to G.S. 15A-952.

Additionally, the record on appeal reflects that the defendant's case came on for trial and his motion to continue was made approximately five months after his arrest and approximately four months after his indictment. In making his oral motion to continue, the defendant presented the trial court with no information in any form tending to show why the period between formal charges and his trial date was not sufficient to locate necessary witnesses and have them present for trial. As we stated in *State v. Tolley*, 290 N.C. 349, 358, 226 S.E. 2d 353, 362 (1976): "Rather,

the record suggests a natural reluctance to proceed to trial, engendered by the seriousness of the charge and lack of a substantial defense, rather than scarcity of time or absence of *bona fide* witnesses." Given the state of the record before us on appeal, we are unable to say that the action of the trial court in denying the defendant's motion to continue was either an abuse of the trial court's discretion or prejudicial to the defendant. This assignment of error is overruled.

[2] The defendant also assigns as error the admission into evidence of testimony relating to his oral confession made to Lieutenant Turner. In support of this assignment, the defendant first contends that his confession was involuntary and inadmissible by reason of the failure of Lieutenant Turner to repeat the *Miranda* warnings before questioning the defendant. We find this contention without merit.

The evidence introduced during the *voir dire* hearing before the trial court clearly supported its findings and conclusions to the effect that the warnings given the defendant at 7:45 p.m. by Deputy Sheriff Smith were constitutionally adequate and that the defendant made a knowing and voluntary waiver of his rights and agreed to questioning without an attorney present. In *State v. McZorn*, 288 N.C. 417, 219 S.E. 2d 201 (1975), *death penalty vacated*, 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976), this Court speaking through Chief Justice Sharp set forth five factors to be considered among others as part of the totality of circumstances which determine whether initial warnings to a defendant have become so stale and remote as to raise a substantial possibility that the defendant was unaware of his constitutional rights at the time of the subsequent interrogation in question. The five factors are (1) the length of time between the giving of the first warnings and the subsequent interrogation, (2) whether the warnings and subsequent interrogation were given in the same or different places, (3) whether the warnings were given and the subsequent interrogation conducted by the same or different officers, (4) the extent to which the subsequent statement differed from any previous statements by the defendant, (5) the apparent intellectual and emotional state of the suspect. In applying the five factors of *McZorn* to the present case, we note that the questioning by Lieutenant Turner occurred approximately one hour and fifteen minutes after the initial warnings were given the

defendant. This questioning was conducted in the same sheriff's department in which the warnings had been given to the defendant, although in an office adjacent to the office in which Deputy Smith had given the defendant the warnings. Although initial questioning had been commenced by Deputy Smith, that questioning was interrupted at the defendant's request in order that he might talk with his brother in private. When the defendant had finished talking with his brother, Deputy Smith had been called to another case and Lieutenant Turner continued the questioning. Lieutenant Turner had been with Deputy Smith when they initially brought the defendant and his brother to the Sheriff's Department. The defendant was well aware that Lieutenant Turner and Deputy Smith were involved in the same investigation. The confession the defendant made to Lieutenant Turner in no way differed from any previous statements made by the defendant. At the time of the questioning, the defendant was a 29 year old man of apparently sound intellect who did not appear to be unduly upset. Given these facts, we find that there is no substantial possibility that the defendant was unaware of his constitutional rights at the time he made his inculpatory statement to Lieutenant Turner. *See State v. Simpson*, 297 N.C. 399, 255 S.E. 2d 147 (1979); *State v. McZorn*, 288 N.C. 417, 219 S.E. 2d 201 (1975), *death penalty vacated*, 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976); *and* Note, *The Need to Repeat Miranda Warnings at Subsequent Interrogations*, 12 WASHBURN L. J. 222 (1973).

[3] The defendant additionally contends in support of his assignment of error relating to his confession that it was motivated by fear that his father would be implicated in the crime under investigation and that this fear was so coercive as to render his confession involuntary. This Court has long recognized the principle that mental or psychological pressure brought to bear against a defendant so as to overcome his will and induce a confession can render such a confession involuntary under the totality of the circumstances attendant. *State v. Morgan*, 299 N.C. 191, 261 S.E. 2d 827, *cert. denied*, 446 U.S. 986, 64 L.Ed. 2d 844, 100 S.Ct. 2971 (1980); *State v. Roberts*, 12 N.C. 259 (1827). A statement by investigating law enforcement officers that a suspect's relatives will be released from custody or not be arrested if the suspect confesses may, under the totality of the circumstances, render the suspect's resulting confession involuntary. Annot. 80 A.L.R. 2d

1428 (1961). It is generally recognized, however, that a confession is "involuntary" in the constitutional sense in such cases only when it was produced by wrongful pressure applied by law enforcement officials or others acting for them. Confessions or admissions have not been held inadmissible in evidence merely because the accused in making the confession or admission was motivated by a desire to protect a relative threatened with arrest or in custody when such motivation originated with the accused and was not suggested by law enforcement officials. *Id.*, § 6, p. 1438. The defendant in the present case does not rest this contention squarely upon any constitutional ground, but we think that the stated principles should be applied without regard to whether the claim of inadmissibility rests upon constitutional grounds or rests solely upon our rule of evidence requiring the exclusion of involuntary confessions. *See State v. Chamberlain*, 263 N.C. 406, 139 S.E. 2d 620 (1965).

The record in the present case reveals that the truck occupied by the defendant and his brother when they were brought in for questioning was registered to his father. The law enforcement officers investigating the crime charged had additional information that a truck with the same license tag number had been used in an effort to sell tires similar to those stolen to another company in the general area of the larceny. Lieutenant Turner informed the defendant of these facts sometime prior to the defendant's confession and made the statement: "We would probably need to check to see if his father had any involvement." At no point, however, did Lieutenant Turner indicate that the defendant's father would be arrested or investigated if the defendant failed to confess or that his father would not be arrested or investigated if the defendant did confess. After the defendant had made his confession, Lieutenant Turner stated that the defendant's statement seemed to clear his father of any suspicion of operating the truck at the time of the crime under investigation. Based upon these facts in the record, we conclude that any motivation or desire that the defendant may have had to protect his father from investigation was not suggested by law enforcement officials but, instead, originated with the defendant. Assuming *arguendo* that a desire to protect his father from investigation motivated the defendant in making his confession, his confession remained voluntary in a constitutional and legal

sense, as the investigating officers offered him no bargain for his confession and made no threat against his father if the defendant refused to confess. Annot., 80 A.L.R. 2d 1428, §§ 6, 7 and 8 (1961).

[4]  The defendant also contends in support of this assignment of error that a comment made to him by Lieutenant Turner held out a hope of benefit or reward in exchange for his confession and thereby rendered his confession involuntary. The record reflects that Lieutenant Turner stated the following during his conversation with the defendant:

> I told Mr. Branch after he talked with his brother that the only promise we could make was that we would talk with the District Attorney if he made a statement which admitted his involvement. I told him another important fact was whether or not the tires were recovered, but at no time was he promised a lighter sentence or anything else.

The defendant contends that the case of *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d 68 (1967) is controlling in light of this comment by Lieutenant Turner and compels the conclusion that the defendant's confession was the product of a hope of benefit by confessing and, therefore, not freely and voluntarily given. We do not agree. In *Fuqua* the investigating officer told the defendant during interrogation, "if he wanted to talk to me then I would be able to testify that he talked to me and was cooperative." 269 N.C. at 225, 152 S.E. 2d at 69. We held in that case that the quoted statement by a person in authority was a promise which gave the defendant hope for lighter punishment if he confessed and rendered his confession involuntary and inadmissible.

In the present case, Lieutenant Turner merely informed the defendant that the officers would talk with the District Attorney if the defendant made a statement admitting his involvement. We find that this statement by Lieutenant Turner could not have aroused in the defendant, a man 29 years of age and of sound intellect, any reasonable hope of reward if he confessed. Instead, we think that any suspect of similar age and ability would expect that the substance of any statement he made would be conveyed to the District Attorney in the course of normal investigative and prosecutorial procedures. The statement by Lieutenant Turner in no way hinted that the defendant could expect easier or preferred

treatment if he confessed to the crime under investigation. The absence of any such indication that preferential treatment might be given in exchange for his confession makes the present case easily distinguishable from *Fuqua*. Therefore, we conclude that the trial court correctly ruled that the defendant's inculpatory statement was not rendered involuntary by a suggestion of hope reasonably induced by this comment by the interrogating officer. *State v. Young*, 33 N.C. App. 689, 236 S.E. 2d 309 (1977); *see State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974, 32 L.Ed. 2d 674, 92 S.Ct. 2409 (1972).

We caution the law enforcement officers of the State, however, that they should always be circumspect in any comment they make to a defendant, particularly in connection with any confession the defendant is to give or has given. The better practice would be for law enforcement officers not to engage in speculation of any form with regard to what will happen if the defendant confesses.

We find that the trial court properly allowed Lieutenant Turner to testify with regard to the oral confession made to him by the defendant. This assignment of error is overruled.

The defendant having received a fair trial free from prejudicial error, we find

No error.