BRYANT, Judge.
Where defendant and his trial counsel were not clearly at an impasse with regard to trial tactics, the trial court did not err by denying defendant's motion to continue.
Defendant Lance Marshall, a commercial fisherman, was in a dating relationship with Iva Anderson from 2006 until 2015. On the night of 27 September 2015, defendant and Anderson were both drinking at defendant's home. Anderson eventually fell asleep in the living room and was later awakened by defendant removing her ringing cell phone from her pocket. Defendant answered the phone and told the person who called that it would be the last time that person spoke to Anderson. Defendant broke her cell phone and threw it on the floor.
Anderson then stood up, and defendant hit her with his fist in the face and the chest. Anderson was knocked to the ground, and defendant stomped on the right side of her back as she lay face down. Defendant told Anderson she would not be leaving and forced her into a bedroom where he grabbed her hair and held her face to the bed. Defendant did not let go of her hair until Anderson fell asleep.
The next morning, Robert Burrus, a friend of Anderson's, attempted to contact Anderson on her cell phone. When he did not receive a response after several attempts, he went to defendant's house to check on her. Burrus found Anderson distraught and anxious with a bruise on her chin. When the two left defendant's home, Anderson told Burrus that defendant had assaulted her and showed him the bruising on her ribs.
Two weeks later, Anderson sought medical treatment for persistent rib pain at the Outer Banks Medical Center, where she saw Dr. John Janousek. She told staff at the hospital that her boyfriend, defendant, assaulted her on 27 September 2015 by stomping on her back. Following the examination, Dr. Janousek determined that Anderson suffered two fractured ribs on the right upper back area. Anderson also met with the Hyde County Sheriff's Office and told investigators about the assault.
Thereafter, defendant was issued true bills of indictment for habitual misdemeanor assault and for attaining the status of habitual felon for the events occurring on 27 September 2015.[1] Defendant was tried by jury before the Honorable J. Carlton Cole, Judge presiding, at the 15 February 2016 Superior Court Session of Hyde County.
When defendant's case was called, the State set out the plea offer it had made to defendant regarding this case and other charges. Defendant rejected the plea, stating, "I need time. I need a DNA analyst for my T-shirt I was wearing that night this assault happened. I need phone records from where me and her has been communicating and-and get my witnesses up here." The trial court asked defendant's counsel to step outside the courtroom and discuss the plea with defendant.
When defendant and his counsel returned to the courtroom, counsel told the court that defendant had given him a list of witnesses he wanted subpoenaed. Counsel explained that one of the witnesses was in prison and the name was incorrect. He also said he sent a subpoena to a woman which had been returned because the address was for a town with the same name but in another county. The State indicated that it was ready for trial, however, and the trial court treated defendant's requests as a motion to continue, which motion the court denied.
At trial, defendant stated he wanted to testify against the advice of counsel. He also asked whether he would be able to question the witnesses. When the trial court told him he would not be allowed to question witnesses, defendant asked whether he could ask questions if he fired his attorney "because he ain't-he ain't asking them." The trial court then held an unrecorded discussion with counsel in his chambers. After the parties returned to the courtroom, the trial court questioned defendant in more detail regarding his desire to represent himself. Defendant repeated that he was not getting a fair trial and expressed concern about his case going to trial five months after the offense date.
The jury found defendant guilty of assault on a female and attaining the status of habitual felon. Defendant had previously stipulated to two prior assault convictions that supported the habitual misdemeanor assault charge.
At sentencing, Judge Cole found defendant was a level V for habitual felon sentencing purposes and sentenced him to an active sentence in the presumptive range of 111 to 146 months in the Department of Adult Corrections. Defendant gave notice of appeal in open court.
_________________________
On appeal, defendant argues the trial court reversibly erred in failing to order defendant's counsel to comply with defendant's instructions regarding trial tactics and, therefore, committed error by failing to continue defendant's trial pursuant to N.C. Gen. Stat. § 15A-952.
Defendant first argues the trial court committed reversible error in failing to order defendant's counsel to comply with defendant's instructions regarding trial tactics, as defendant and his counsel had reached an absolute impasse over those tactics. Specifically, defendant argues the trial court should have continued defendant's trial as a result of the impasse in order to allow defendant's counsel sufficient time to obtain the witnesses and evidence needed. We disagree.
"Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review." State v. Taylor , 354 N.C. 28, 33, 550 S.E.2d 141, 146 (2001) (citation omitted). "When a motion to continue raises a constitutional issue, the trial court's ruling is fully reviewable on appeal." Id. (citation omitted). An alleged violation of a constitutional right involves a question of law and is reviewed de novo . State v. Gardner , 322 N.C. 591, 594, 369 S.E.2d 593, 596 (1988).
"[T]actical decisions, such as which witnesses to call, 'whether and how to conduct cross-examinations, what jurors to accept or strike, and what trial motions to make are ultimately the province of the lawyer. ....' " State v. Ward , --- N.C. App. ----, ----, 792 S.E.2d 579, 582 (2016) (quoting State v. Luker , 65 N.C. App. 644, 649, 310 S.E.2d 63, 66 (1983) ). "However, when counsel and a fully informed criminal defendant client reach an absolute impasse as to such tactical decisions, the client's wishes must control[.]" State v. Ali , 329 N.C. 394, 404, 407 S.E.2d 183, 189 (1991). But "this Court has held that despite a conflict, trial counsel is not compelled to pursue strategy or tactical decisions based on frivolous or unsupported claims." Ward , --- N.C. App. at ----, 792 S.E.2d at 583.
In State v. Jones , the defendant sought to present evidence and argument to the trial court that lacked merit. 220 N.C. App. 392, 394, 725 S.E.2d 415, 416 (2012). This Court held that a tribunal is not required to allow a defendant to present evidence or theories that are frivolous or lack any basis in fact, noting that nothing in our case law "requires an attorney to comply with a client's request to assert frivolous or unsupported claims." Id. at 395, 725 S.E.2d at 417. In the instant case, defendant sought to (1) present phone records from calls placed after the 27 September 2015 assault, (2) retain a DNA expert in order to examine his t-shirt from the evening of 27 September 2015, and (3) secure the attendance of witnesses, including a witness in prison.
Defendant contends that "it is clear that there was an absolute impasse" between him and his attorney at trial. To the contrary, it is not clear that defendant and his attorney were at an impasse. Defendant had been held in contempt of court at least three times during the course of his trial for interrupting the presiding judge. At one point the trial court addressed defendant, stating, "In my twenty years on the bench I have never had a defendant be so disrespectful.... You don't want to listen to your attorney. You don't want to listen to the Court. I've bent over backwards to try to help you, to get your story out there." Accordingly, it is not clear that defendant and his attorney were at impasse or whether, instead, defendant intended to disrupt the proceedings in order to unnecessarily delay his trial. However, assuming arguendo that defendant had reached an impasse with his trial attorney, the trial court was not required to continue the case in order to allow defendant to present irrelevant evidence.
A trial court is not required to permit a defendant to present evidence that lacks merit. See id. Defendant argues the trial court erred by not continuing the case so he could subpoena certain telephone records. Defendant, however, fails to offer any explanation as to how these records would have assisted his defense. Indeed, defendant's counsel advised the trial court on several occasions that the records were irrelevant. Accordingly, the trial court did not err in denying defendant's motion to continue in order to allow defendant to subpoena telephone records.
With regard to defendant's request for a DNA expert in order to examine his t-shirt he wore on the evening of 27 September 2015, again defendant has failed to explain what a DNA examination of his t-shirt would show or how it might assist in his defense. It is undisputed that two individuals were involved in the assault on 27 September 2015-defendant and the victim, Anderson-and defendant does not maintain that some other individual attacked Anderson. Thus, the trial court did not err in denying defendant's motion to continue in order to retain a DNA expert.
Lastly, with regard to the witnesses defendant claimed were necessary to his defense, defendant's attorney at trial told the trial court that he had subpoenaed all witnesses provided by defendant. Defendant never stated the name of any particular witness not already subpoenaed by his counsel, other than to refer to them as "my people" and "my main man that lived with me and worked with me." Further, defendant failed to explain what relevant testimony these individuals would offer. See State v. Branch , 306 N.C. 101, 105-06, 291 S.E.2d 653, 657 (1982) (finding no prejudicial error where trial court denied defendant's motion to continue in order for defendant to bring witnesses into court where defendant did not provide the name of the witnesses, did not offer an explanation as to what testimony the witnesses would offer, and did not explain why the four-month period before trial was insufficient to obtain them).
We conclude the trial court did not err in denying defendant's oral motion to continue (defendant did not file a written motion to continue his case as required by N.C. Gen. Stat. § 15A-952(c) (2015) ), where, as here, "the record suggests a natural reluctance to proceed to trial, engendered by the seriousness of the charge and lack of a substantial defense, rather than scarcity of time or absence of bona fide witnesses." Branch , 306 N.C. at 105-06, 291 S.E.2d at 657 (quoting State v. Tolley , 290 N.C. 349, 358, 226 S.E.2d 353, 362 (1976) ). Accordingly, defendant's arguments are overruled. We hold that the trial court did not err in denying defendant's motion to continue as defendant and his trial counsel were not clearly at an impasse and, even assuming arguendo there was an impasse, the trial court is not required to allow a defendant to present evidence or theories that are frivolous or lack merit.
NO ERROR.
Report per Rule 30(e).
Judges HUNTER, JR., and DIETZ concur.

At trial, defendant admitted to previously assaulting Anderson, and Anderson testified about that assault. According to Anderson, in 2011, defendant broke several of her ribs, tried to hang her, and physically chewed off her two big toenails. Defendant also testified on cross-examination that he had been previously convicted of, inter alia, assault on a female, habitual misdemeanor assault, assault inflicting serious bodily injury, possession of a firearm by a felon, and assault on a government official.