IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-407

No. COA20-455

Filed 3 August 2021

Cleveland County, No. 18 CRS 000741, 19 CRS 001082

STATE OF NORTH CAROLINA

v.

BRANDON LAMAR SURRATT, Defendant.

Appeal by Defendant from judgment entered 31 July 2019 by Judge Daniel A. Kuehnert in Cleveland County Superior Court. Heard in the Court of Appeals 23 February 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General James Bernier, Jr., for the State.*

*Leslie Rawls for defendant-appellant.*

MURPHY, Judge.

¶ 1   When the Record is incomplete or unclear regarding a defendant's relationship with his or her attorney, we cannot determine whether a defendant is deprived of effective assistance of counsel. Here, we dismiss Defendant's ineffective assistance of counsel claim without prejudice as the claim cannot be decided on our existing appellate Record.

¶ 2        In addition, the trial court does not commit constitutional error when the Record clearly shows a defendant's attorney had adequate time to prepare for trial. Here, the trial court did not commit constitutional error as a thorough examination of the Record reveals Defendant's attorney had adequate time to prepare for trial.

## **BACKGROUND**

¶ 3        On 12 October 2017, the City of Shelby Police Department conducted a controlled purchase between a paid informant and Defendant Brandon Lamar Surratt ("Defendant"), which was captured on a video and audio recording. The paid informant purchased $30.00 worth of cocaine from Defendant. Defendant was indicted on the following charges: one charge of possession with intent to manufacture, sell, and deliver a controlled substance, namely cocaine, a Class H felony; one charge of sale and delivery of a controlled substance, namely cocaine, a Class G felony; and attaining habitual felon status. N.C.G.S. § 90-95(b)(1) (2019); N.C.G.S. § 90-95(b)(1)(i) (2019). Defendant's habitual felon status could elevate these charges to Class D and Class C felonies, respectively. N.C.G.S. § 14-7.6 (2019).

¶ 4        Mr. Joshua Valentine ("Valentine") was appointed as Defendant's counsel in June 2019. However, under a local "rule or [] practice," Valentine was not qualified to be appointed on cases above Class F felonies. Valentine filed a *Motion to Withdraw as Counsel* on 8 July 2019. As grounds for the motion, Valentine stated:

>        1.        Local jurisdiction rules do not allow [him] to

represent [] Defendant in a habitual felon charge to
which he has been appointed.

> 2. *Irreconcilable differences have arisen in this attorney-client relationship.*

(Emphasis added). On 29 July 2019, the trial court determined, based on Valentine's experience as a retained attorney dealing with matters involving felonies above Class F, there was not an issue with Valentine representing Defendant at trial.

¶ 5    Defendant's trial began on 30 July 2019. During a discussion of pretrial matters, Valentine indicated, "I think my client has an oral motion he would like to make to the [c]ourt. He's asked if he'd be allowed to speak." The trial court allowed Defendant to be heard, and he made an oral motion to continue, arguing he did not have enough time to prepare for trial with his appointed counsel:

> [DEFENDANT]: Yes. A few months back, and I just appointed him last month.
>
> *This month I got a court date, but I was unaware of they had appointed me him. And then just yesterday went over my case briefly. So I wouldn't had any time -- ample time to go over my case at all with him. We went over it briefly yesterday.* So I'm asking to continue for one more time to go over my case. My life we dealing with. I ask give me more time to go over my case. We briefly went over it yesterday.

(Emphasis added). After inquiring with Valentine, the trial court denied Defendant's motion:

> THE COURT: [] Valentine, do you have any reservation about going forward with the case? Your client's acting

like, you know, you haven't had -- he hasn't had enough time with you. I'm wondering if the time you've been appointed to going forward with this trial.

[VALENTINE]: Yes, Your Honor.

So I was appointed back in June to his case. So I was not involved throughout the whole, you know, administrative process.

THE COURT: That's normal.

[VALENTINE]: Yeah.

So I have spent a good amount of time over the weekend and yesterday preparing if the case did go to trial. I will tell the [c]ourt we have not had a lot of time together to review the details and the facts of the case. And, you know, I always like more time, of course. But if the [c]ourt wants to go ahead and proceed, you know, I am an officer of the [c]ourt and will comply with the [c]ourt's request.

I did make a couple of motions late yesterday that, you know, I'd like to briefly address with the [c]ourt before we do proceed. But like I said --

THE COURT: Let me ask you this. There was a -- I am allowing you to go forward. Yesterday we addressed your -- the habitual felon status, and, you know, I don't know if you looked at that beforehand or not, but I will -- if we get to that point in the proceedings, because it will be a bifurcated trial.

[VALENTINE]: Yes.

THE COURT: I will give you as much time as you need to make sure you do adequate investigation on that part of the trial, if you haven't had the time beforehand, to verify, you know, the prior felonies and those kind of things.

Hang on a minute, sir.

But you had a -- there's a motion in here [8 July 2019] about a motion to withdraw as counsel.  Has that motion been addressed?

[VALENTINE]: I think -- I apologize if it wasn't clear yesterday.  That was what the DA and I was intending to address regarding the local rules not explicitly allowing me to handle this type of case.  I know some other judges have questioned me when I have handled those types of cases.  So I had filed that motion in the -- in the hopes that I could get on the record the [c]ourt either allowing or disallowing me to --

THE COURT: Yeah, that's not a problem.  I just wanted to make sure there wasn't something else.

. . .

[Defendant], do you have any other -- anything else you want to say?

. . .

[DEFENDANT]: And this is my life we dealing with.  I really appreciate a reasonable amount of time to speak with [Valentine] about my case.  This is a serious case, and the habitual felon is serious.  And I would really appreciate it if you would help me out with that request.

THE COURT: All right.  The -- if at any time -- I mean, you and your lawyer, and your lawyer in particular, has had this case since June, which is plenty enough time to prepare for trial.  He's gotten all the discovery; right?

[VALENTINE]: Yes, sir.

THE COURT: Okay.  Hang on.

If in the -- I don't want to get into what's going on between you and your client, but if at any point in time you need to have a little extra time after -- before cross-examination or

something, you need to talk to your client, just let me know.

[VALENTINE]: Okay.

THE COURT: And you can have that time.

I'm not inclined, [Defendant], to continue the case. I'm not going to do that. You have had this case -- the DA -- it's gone on for a long time. And you -- you have an obligation, as well as your lawyer, but you have an obligation to be prepared yourself. And your lawyer's been around since June, and it doesn't matter -- the case itself has been around longer than that . . . .

. . .

So the [c]ourt's not going to continue the case. I will give you -- at your lawyer's request, I will give you time to discuss any particular matter if you need to have a break, 15-minute break or something at some point during the trial that would be -- I'm going to give some deference to your lawyer and you, give you some time in the middle of the trial, but we are going to go forward with the trial.

This is not a complicated trial.

¶ 6 The jury found Defendant guilty on all charges. Defendant entered a plea of guilty with regard to habitual offender status and the trial court imposed an active sentence of 74 to 101 months. Defendant timely appealed.

## ANALYSIS

¶ 7 On appeal, Defendant argues he was "deprived of effective assistance of counsel when his appointed attorney made him argue *pro se* for a continuance and further failed to advocate on his behalf, *when [Defendant] and the attorney never met*

*until the day before trial and then, only met briefly*." (Emphasis added). Defendant

also argues "[t]he trial court committed constitutional error in denying [Defendant's]

motion to continue where he never met his attorney until the day before trial and

then, met with him briefly."

## A. Ineffective Assistance of Counsel

¶ 8     First, Defendant argues he was deprived of effective assistance of counsel

because his attorney met with him only once, briefly on the day before his trial.

¶ 9     "On appeal, this Court reviews whether a defendant was denied effective

assistance of counsel de novo." *State v. Wilson*, 236 N.C. App. 472, 475, 762 S.E.2d

894, 896 (2014). The United States Supreme Court has established a defendant must

satisfy a two-part test in order to show counsel was ineffective:

> First, the defendant must show that counsel's performance
> was deficient. This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is
> reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984).

¶ 10     However, "claims of ineffective assistance of counsel should [generally] be

considered through motions for appropriate relief and not on direct appeal." *State v.*

*Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001), *cert. denied*, 356 N.C.

623, 575 S.E.2d 758 (2002). "[I]neffective assistance of counsel claims brought on direct review will be decided on the merits *when the cold record reveals that no further investigation is required*, i.e., claims that may be developed and argued without such ancillary procedures as . . . an evidentiary hearing." *State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (emphasis added) (marks omitted), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 80 (2005). When the reviewing court determines an ineffective assistance of counsel claim cannot be decided on the existing appellate record, it must "dismiss those claims without prejudice, allowing [the] defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." *Id*. at 123, 604 S.E.2d at 881.

¶ 11        In support of his ineffective assistance of counsel claim, Defendant argues he "never met [Valentine] until Monday, 29 July 2019, the day before trial." He claims "[t]he [R]ecord does not show when [Defendant] and his attorney met or for how long[,]" but also states the Record "does show that after arguing his motion to withdraw that morning, [Valentine] filed five motions that afternoon at and just after 3:15." Defendant repeatedly argues he was deprived of his right to adequate time to consult with his attorney and prepare for trial because he "[met] with [Valentine] only once, the day before trial" and Valentine did not "support [Defendant's] request to meet more than once to go over the case and prepare for trial."

¶ 12        We cannot properly decide whether Defendant was deprived of effective

assistance of counsel on direct appeal because the cold Record reveals further investigation is required. *See id.* at 123, 604 S.E.2d at 881. For example, during his motion to continue, Defendant stated:

> [DEFENDANT]: This month I got a court date, *but I was unaware of they had appointed me him*. And then just yesterday went over my case briefly. So I wouldn't had any time -- ample time to go over my case at all with him. We went over it briefly yesterday. So I'm asking to continue for one more time to go over my case. . . . I ask give me more time to go over my case. We briefly went over it yesterday.

(Emphasis added). If true, such a claim could possibly merit relief. However, the Record reflects on 8 July 2019, Valentine filed a *Motion to Withdraw as Counsel*, citing "[i]rreconcilable differences have arisen in this attorney-client relationship" as one of the reasons for withdrawal. "Irreconcilable differences" indicates that as of 8 July 2019, Defendant and Valentine had had some sort of communication with one another and Defendant was aware Valentine had been appointed to represent him. It is not readily apparent from the Record when this communication occurred, or for how long, and more information must be developed to determine if Defendant's claim satisfies both parts of the *Strickland* test. *See State v. Adams*, 335 N.C. 401, 410, 439 S.E.2d 760, 764 (1994) (holding incompleteness in an appellate record precludes a defendant from showing an error occurred), *cert. denied*, 522 U.S. 1096, 139 L. Ed. 2d 878 (1998).

¶ 13        The Record here provides conflicting evidence regarding Defendant's

relationship with his attorney. Further, we note neither the parties nor the trial court addressed the "[i]rreconcilable differences" justification for Valentine's 8 July 2019 *Motion to Withdraw as Counsel*. Since we do not have a sufficient Record to determine whether counsel's performance was deficient, the appropriate remedy is to remand the case to the trial court to address those claims. We dismiss Defendant's ineffective assistance of counsel claim without prejudice, "allowing [D]efendant to bring [it] pursuant to a subsequent motion for appropriate relief in the trial court." *Thompson*, 359 N.C. at 123, 604 S.E.2d at 881.

## B. Motion to Continue

Defendant also argues he is entitled to have his conviction vacated and to a new trial because "[t]he trial court committed constitutional error in denying [his] motion to continue where he never met his attorney until the day before trial and then, met with him briefly."

Ordinarily, "[a] motion for continuance . . . is . . . addressed to the sound discretion of the trial judge whose ruling thereon is not subject to review absent an abuse of such discretion." *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). However, "when a motion raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances presented by the record on appeal of each case." *Id*.

"It is implicit in the constitutional guarantees of assistance of counsel and

confrontation of one's accusers and witnesses against him that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense." *State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977). "To establish a constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense." *State v. Tunstall*, 334 N.C. 320, 329, 432 S.E.2d 331, 337 (1993). "Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice." *State v. Moses*, 272 N.C. 509, 512, 158 S.E.2d 617, 619 (1968).

Assuming, without deciding, that the trial court committed error by denying Defendant's motion to continue, Defendant is unable to show this assumed error prejudiced him. Defendant urges that prejudice from the denial of the motion to continue "should be presumed" and, quoting *State v. Rogers*, contends that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is remote." *State v. Rogers*, 352 N.C. 119, 125, 529 S.E.2d 671, 675 (2000) (marks and citations omitted).

In *Rogers*, our Supreme Court stated:

> While a defendant ordinarily bears the burden of showing ineffective assistance of counsel, prejudice is presumed without inquiry into the actual conduct of the trial when

> the likelihood that any lawyer, even a fully competent one, could provide effective assistance is remote. A trial court's refusal to postpone a criminal trial rises to the level of a Sixth Amendment violation only when surrounding circumstances justify this presumption of ineffectiveness.

*Id*. (marks and citations omitted). The facts of *Rogers* are easily distinguished from those of the present case. *Rogers* addressed a situation in which the defense attorneys were appointed "to a case involving multiple incidents in multiple locations over a two-day period for which they had only thirty-four days to prepare" for the "bifurcated capital trial" of a complex case involving many witnesses. *Id*. Our Supreme Court expressly based its holding upon "the unique factual circumstances" of the case. *Id*. at 126, 529 S.E.2d at 676. The instant case does not present "the unique factual circumstances" that were present in *Rogers*.

¶ 19        For example, a thorough review of the Record reveals Valentine had adequate time to prepare. The case was assigned to Valentine at some point in June 2019. Defendant's trial began on 30 July 2019. There is nothing in the Record to indicate that at least one month was not enough time for Valentine to prepare for trial. To the contrary, Valentine indicated he "spent a good amount of time over the weekend and [the day before trial] preparing if the case did go to trial." Further, the case here was not complicated. Unlike in *Rogers*, where the case involved "multiple incidents in multiple locations over a two-day period[,]" the case here involved a single incident that occurred on one day: the controlled purchase of cocaine that was captured on

video and audio recording. *Rogers*, 352 N.C. at 125, 529 S.E.2d at 675. On the facts of this case, prejudice cannot be presumed; the Record before us appears to demonstrate that Valentine spent adequate time preparing for Defendant's trial. Defendant makes no other argument regarding prejudice. As Defendant is unable to show prejudice resulting from the assumed error, the trial court did not err in denying the motion to continue.

## CONCLUSION

¶ 20        As there are factual discrepancies in the Record, we are unable to determine the effectiveness of counsel upon examination of the cold Record. We dismiss this issue without prejudice to Defendant's right to file a motion for appropriate relief.

¶ 21        Assuming, without deciding, the trial court erred in denying Defendant's motion to continue, the facts of this case do not present the type of highly unusual situation in which prejudice should be presumed. The trial court did not err in denying Defendant's motion to continue.

DISMISSED WITHOUT PREJUDICE IN PART; NO ERROR IN PART.

Chief Judge STROUD and Judge GRIFFIN concur.